Jerry Glenn PATTERSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–85–314–CR.

Court of Appeals of Texas,
Austin.

Jan. 14, 1987.

Rehearing Denied Feb. 11, 1987.

Paul Francis, Temple, for appellant.

Arthur C. Eads, Dist. Atty., James T. Russell, Administrative Asst., Belton, for appellee.

Before POWERS, GAMMAGE and ABOUSSIE, JJ.

POWERS, Justice.

Jerry Glenn Patterson was convicted of illegally possessing less than 28 grams of methamphetamine. Tex.Rev.Civ.Stat.Ann. art. 4476–15, §§ 4.02(b)(6), 4.04(b) (Supp. 1986). Punishment, enhanced by two previous felony convictions, was assessed at 25 years imprisonment. Trial was before a jury on Patterson's plea of not guilty. Patterson appeals on eleven points of error in which he challenges: (1) the sufficiency of the evidence to support the judgment of conviction; (2) certain alleged procedural errors by the trial court; and (3) the sufficiency of the evidence to support the sentence imposed. We affirm the judgment of the trial court, in part and reverse that part of the judgment which assesses punishment, remanding the cause to the trial court for reassessment of punishment.

## THE CONTROVERSY

On the basis of information received from a confidential informant, police officers obtained a search warrant authorizing their search of David Law's residence in Bell County. When officers arrived at the residence, they saw at least two persons enter the front door. Moments later one officer went to the front door, knocked, identified himself, and after waiting no more than ten seconds kicked the door down. A second officer went to the back door and entered in a similar fashion. When the first officer entered the front door, he found seven persons sitting or standing around the living room. Two others were found elsewhere in the house.

Appellant was among the seven individuals in the living room. When the officer entered the front door, he found appellant seated at the end of a couch next to an end table. On that table lay appellant's wallet, containing $905.00 in cash, a pistol "boot" holding ammunition for a .45 caliber weapon, and a brown suede bag which contained the following articles: $20.00 in cash, a syringe, a small set of scales, 1.10 grams of methamphetamine, and a small amount of cocaine. As the officer approached appellant, he raised his hands and stated that he

had a gun but was not going to touch it. The officer then seized the gun (a loaded .45 caliber revolver) which appellant had theretofore concealed between his leg and the end of the couch. Appellant did not appear to be under the influence of drugs and made no furtive gesture or attempt to flee.

The officers arrested appellant for possession of less than 28 grams of methamphetamine. David Law, the owner of the residence, and two females present at the time of the search were arrested as well.

## HOLDING AND DISCUSSION

### *Sufficiency of the Evidence to Support the Conviction*

The illegal "possession" of a controlled substance is not a fact. It is rather a legal conclusion inferred from facts which are themselves inferred from or directly proved by the evidence adduced in the case. To sustain the conclusion of illegal possession of a controlled substance, the evidence must show beyond a reasonable doubt that the accused (1) exercised care, custody, and control over the substance (2) knowing that it *was* contraband. *Oaks v. State,* 642 S.W.2d 174 (Tex.Cr.App. 1982). Possession need not be exclusive; an accused may jointly possess contraband with another. *Travis v. State,* 638 S.W.2d 502 (Tex.Cr.App.1982). Where the accused does *not* have care, control, and management of the place where contraband is found, the legal conclusion of possession may not be inferred without additional independent facts which affirmatively link the accused to the contraband. *Flores v.*

*State,* 650 S.W.2d 429 (Tex.Cr.App.1983). Falling within this category of additional independent facts are such considerations as whether the contraband was in plain view, the proximity of the accused to the contraband, and whether the accused owned the place where the contraband was found. *Deshong v. State,* 625 S.W.2d 327 (Tex.Cr.App.1981). Actions taken by the accused may also be considered—whether he was under the influence of a controlled substance and whether he attempted to flee or made any furtive gestures. *Higgins v. State,* 515 S.W.2d 268 (Tex.Cr.App. 1974). No set combination of facts dictates an inference of possession. Each case depends on the evidence adduced therein.

The evidence in the present case shows that appellant sat close to the brown suede bag containing the contraband. There were six others in the room; however, the contraband lay within the immediate reach of only one—the appellant. Were proximity the only fact affirmatively linking appellant to the contraband, our task would be a simple one for it has been consistently held by the Court of Criminal Appeals that *mere* proximity of the accused to the contraband is insufficient to establish the requisite affirmative link. *Bright v. State,* 556 S.W.2d 317 (Tex.Cr.App.1977); *Woods v. State,* 533 S.W.2d 16 (Tex.Cr.App.1976).[1]

The present case is made more difficult, however, by the presence of additional independent facts that *particularly* connected appellant with the contraband. Not only was appellant in close proximity to the contraband, but certain of his personal belongings—a wallet and a gun boot—were on the same table with the contraband. No

1. In *Oaks v. State, supra,* the accused was convicted of possessing heroin. The evidence showed that when officers entered the place to be searched, they found the accused standing near a trash can where heroin was later found. Police saw no furtive gestures on the part of the accused, he was not under the influence of heroin, and he made no attempt to flee. Although the accused was nearest the trash can, there were 14 other people present at the place searched. The Court of Criminal Appeals reversed the trial court's judgment of conviction stating that the evidence created no more than a strong suspicion of the accused's guilt. Conse-

quently, it was insufficient to sustain the judgment. *Oaks v. State, supra,* at 179. In *Hausman v. State,* 480 S.W.2d 721 (Tex.Cr.App.1972), officers found the accused asleep by a campfire along with a bag of marihuana about one foot from his head. There were others around the campfire within about six feet of the bag. As in *Oaks v. State, supra,* police observed no furtive gestures, the accused did not reach for or touch the bag, nor was he under the influence of any drug. The Court of Criminal Appeals found the evidence insufficient to show that the accused had either sole or joint possession of the marihuana.

other individual's belongings were found on or near the table. Appellant's wallet contained over $900 in cash and the officers found .45 caliber ammunition in the pistol boot. Finally, officers seized a loaded .45 caliber revolver which was concealed between appellant's leg and the end of the couch. By appellant's own admission, the weapon belonged to him.

In *Haynes v. State*, 475 S.W.2d 739 (Tex. Cr.App.1972), the evidence was held sufficient to support a conviction for possession of marihuana where, on entering an apartment, officers observed the accused and three others playing cards. A search of the premises revealed two baggies of marihuana and a letter addressed to the accused, all contained in a cardboard box located under a table about four feet behind where the accused was seated. The evidence was held sufficient to establish the necessary link.

In *Reid v. State*, 474 S.W.2d 702 (Tex.Cr. App.1972), the accused was not present when officers began to search the residence, but arrived some 15 or 20 minutes later. Officers seized a brown cardboard box containing contraband and a driver's license issued in the name of the accused. At trial the driver's license *was not introduced into evidence.* The Court of Criminal Appeals held the evidence was insufficient to sustain the conviction.

In *Nickerson v. State*, 645 S.W.2d 888 (Tex.App.1983) aff'd, 660 S.W.2d 825 (Tex. Cr.App.1983), officers seized 20 to 25 pounds of marihuana from the trunk of a car the accused was driving. The evidence was held sufficient to sustain a judgment of conviction where the accused was in exclusive control of the vehicle, made furtive gestures towards contraband that lay in plain view on the floorboard of the vehicle, and possessed a large sum of cash and a weapon concealed on his person.

■ There are several facts and circumstances *not* found in the present record which have been held sufficient in other cases to supply the necessary link between the accused and the contraband. The contraband was not in plain view; the appel-

lant made no furtive gestures, nor did he attempt to flee; he did not appear to be under the influence of drugs. However, the *absence* of such facts is not evidence of appellant's innocence to be weighed against evidence tending to connect appellant to the contraband. *Hernandez v. State*, 538 S.W.2d 127 (Tex.Cr.App.1976). The issue is whether the evidence adduced will support a reasonable inference that appellant knowingly possessed the contraband. *Id.* at 131. The appellant's proximity to the contraband, the commingling of his personal belongings with the contraband on the table top, and his possession of a large sum of cash and a loaded, concealed weapon (of a caliber matching that of the ammunition mixed with the contraband), in our opinion provide sufficient evidence to permit the inference and affirmatively link appellant and the methamphetamine. We emphasize here that it is not for us to decide whether the evidence at trial established appellant's guilt beyond a reasonable doubt; rather, after viewing the evidence in the light most favorable to the prosecution, we have simply determined that a rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Lopez v. State*, 630 S.W.2d 936 (Tex.Cr.App.1982). We accordingly overrule appellant's first two points of error.

■ Appellant's third point of error alleges that the evidence is insufficient to support a judgment of conviction because a *reasonable doubt existed, as a matter of law,* due to the State's failure to call every available witness. This argument is grounded on the rule set out in *Ramirez v. State*, 163 Tex.Cr.R. 109, 289 S.W.2d 251 (1956)—where testimony on which the State relies for conviction is obviously weak, and the record affirmatively reflects that there was testimony available to the State which would have shed additional light on the facts—which the State did not introduce or satisfactorily account for its failure to do so—the Court will treat such failure as evidencing a reasonable doubt as to the sufficiency of the evidence to support the conviction. This rule of the *Ra-*

*mirez* case has recently been overruled by the Court of Criminal Appeals in *Chambers v. State,* 711 S.W.2d 240 (Tex.Cr.App.1986). In that case, the court stated: "Either the evidence permits a rational trier of fact to find the essential elements of the offense beyond a reasonable doubt or it does not. What is not in evidence is irrelevant to a determination of the sufficiency of the evidence." *Id.* at 245. Appellant's third point of error is therefore overruled.

### *Procedural Errors*

Appellant next alleges the trial court committed reversible error in (1) allowing the State to introduce evidence of appellant's previous drug possession; (2) overruling appellant's objection to the prosecuting attorney's misstatement of the law; and (3) allowing the State to ask jurors to speculate that the money found in appellant's wallet was obtained through selling drugs.

■■■ The general rule is that extraneous offenses are inadmissible as evidence of guilt; however, an exception exists where the extraneous acts are offered to prove scienter and intent or guilty knowledge is an essential element of the State's case. *Morgan v. State,* 692 S.W.2d 877 (Tex.Cr.App.1985); *Arnott v. State,* 498 S.W.2d 166 (Tex.Cr.App.1973). Knowledge is an essential element of the crime of methamphetamine possession; therefore, the evidence offered by the State of appellant's previous drug use and possession was relevant to its case in chief. *Arnott v. State, supra* at 176. Furthermore, prejudice did not outweigh probative value in this instance because the State's case depended entirely on circumstantial evidence and the element of knowledge cannot otherwise be readily inferred. *Id.* at 177. Appellant's fourth point of error is overruled.

■■■ Appellant contends the prosecuting attorney misstated the law in his jury argument when he stated:

The defense has the same subpoena powers as the State of Texas, folks, and you can bet your bottom dollar if David Law had anything to say that was in favor of

this defendant, the defense would have called him.

Appellant argues in his brief that this constitutes a misstatement of the law under *Ramirez v. State, supra,* that is, that the State has a duty to call all available witnesses in a weak circumstantial-evidence case. While we doubt the propriety of the objection even under *Ramirez,* because this line of cases has been overruled in *Chambers, supra,* we overrule appellant's fifth point of error.

■■■ Appellant objected to the prosecuting attorney's asking the jury to speculate that the money found in appellant's wallet was obtained through selling drugs. The trial court overruled the objection. It is the duty of counsel to confine their arguments to the record; however, counsel may in argument draw from facts in evidence any inference that is reasonable, fair and legitimate. *Carter v. State,* 614 S.W.2d 821 (Tex.Cr.App.1981). Evidence was introduced in the present case showing that appellant was a user of methamphetamine and had distributed drugs to others in the past. Appellant had a pistol and a large sum of money on or about his person when he was arrested; furthermore, the brown suede bag contained 1.10 grams of methamphetamine, a salable amount, as well as gram scales which testimony showed were commonly used to measure the amount to be sold. We are unable to say that the prosecutor's query was not a reasonable deduction from the evidence. *See Pecina v. State,* 516 S.W.2d 401 (Tex.Cr.App.1974); *Nickerson v. State, supra.* Appellant's sixth point of error is overruled.

### *The Sentence*

Appellant next contends there was insufficient evidence to support (1) the jury's finding that appellant "used" or "exhibited" a deadly weapon in the course of possessing the contraband, Tex.Code Cr.P. Ann. art. 42.12 § 3g(a)(2) (Supp.1986), and (2) the court's finding that appellant was tried and convicted of two previous felonies. Appellant also contends that certain

evidence offered to prove the first previous felony conviction was inadmissible hearsay.

Concerning the jury finding that a deadly weapon was "used" or "exhibited," we have not found, nor have the parties cited, any cases dealing with an affirmative finding of this sort in the context of drug possession.

Article 42.12 § 3g(a)(2) denies the possibility of probation

to a defendant when it is shown that the defendant *used* or *exhibited* a deadly weapon ... during the commission of a felony offense or during immediate flight therefrom....

(Emphasis added). *See also*, Tex.Code Cr. P.Ann. art. 42.18 § 8(b) (Supp.1986). Appellant contends the evidence is insufficient to support the jury's finding that he "used" or "exhibited" a deadly weapon in the course of illegally possessing the contraband. While couched as a "sufficiency of the evidence" point, appellant's challenge really turns upon a question of law—the correct meaning in law of the word "used," as it is employed in the foregoing statute.

Appellant concludes that the jury finding was unreasonable because the evidence is undisputed that he had no weapon in his hand when arrested; indeed, he placed his hands in the air when the officers entered, telling them that he *had* a firearm but would *not* use it. His conclusion, however, rests upon several unstated *assumptions* about the statutory phrase "used ... during the commission of a felony offense...." He assumes (1) that the word "used" is employed exclusively in the sense of "wielded," and in no other; (2) that the word "used" is further circumscribed in its meaning in that the weapon must have some operative effect upon someone in the course of the offense; and (3) that the expression "during the commission of a felony offense" limits the word "used" still further so that in the present case it encompasses only the moment immediately before his arrest. We believe these assumptions to be incorrect.

The scope of art. 42.12 § 3g(a)(2) extends to the use of a deadly weapon during the commission of *any* felony offense; no felonies are excluded. Where a deadly weapon is wielded *with actual effect,* in the course of an active felony, it is of course easy to fit the episode into the statutory expression quoted above. For example, in *May v. State,* 660 S.W.2d 888 (Tex.App.1983, pet. granted), the evidence was held sufficient to establish "use" under an analogous statute, Tex.Pen.Code Ann. § 22.02(a)(4) (1974), where it showed that the accused displayed a shotgun and pointed it in the victim's general direction. In *Riddick v. State,* 624 S.W.2d 709 (Tex.App.1981, no pet.), the evidence was held sufficient to establish that the accused "used" or "exhibited" a deadly weapon during a robbery where it showed that he displayed to a bank teller the end of a firearm protruding from an unzipped bag, and threatened twice to shoot the teller if she did not deliver all the money to the accused. In *Gaston v. State,* 672 S.W.2d 819 (Tex.Cr.App.1983), the evidence was held sufficient to establish "use" of a deadly weapon during an aggravated assault where it showed that the accused held one hand over the complainant's mouth while his other hand held a firearm next to the complainant's body.

On the other hand, a note of discord is immediately struck when the evidence shows that the accused *passively possessed* a deadly weapon while engaged in the associated felony, as where a burglar enters a dwelling with a firearm strapped to his side and finds no one at home. Has he "used" the weapon in the sense of art. 42.12 § 3g(a)(2)? The discord is heightened when the accused merely possesses a deadly weapon and the associated felony is also essentially *passive* in nature, as in the illegal possession of a narcotic drug. The latter is the present case, of course. Because art. 42.12 § 3g(a)(2) excludes no felony from its scope, it appears that the intended meaning of the statutory expression, "used ... during the commission of a felony offense," must be *sufficiently flexible to accommodate any felony offense falling within the purpose of the statute.*

We believe that purpose to be the imposition of a greater detriment, in this instance the denial of probation and the delay of parole eligibility, in order to diminish the danger to human life that could be expected to arise in the circumstances that attend a felony offense when its commission is accompanied by a deadly weapon. In *U.S. v. Grant,* 545 F.2d 1309 (2nd Cir.1976), the accused was convicted, among other offenses, of using a firearm while in possession of cocaine with an intent to distribute the drug. The court considered the distinction between mere possession of a firearm, and physically carrying it, under a federal statute that made the distinction material. The court noted that firearms were located strategically about the premises where the drug was found, stating that the arms were "part of a tight security operation to protect large quantities of cocaine, and hence to commit the felony of possessing cocaine with intent to distribute it." *Id.* at 1312. In *U.S. v. Mason,* 658 F.2d 1263 (9th Cir.1981), the associated felonies were conspiracy to distribute cocaine and actual distribution of the drug. Two defendants in the case were also convicted of using firearms during the commission of the other felonies. The court reasoned that the firearms were used for protection and thus facilitated the associated felonies. *Id.* at 1271. We believe this reasoning suggests the proper scope to be given art. 42.12 § 3g(a)(2).

We hold that the statutory expression "used ... during the commission of a felony offense" refers certainly to the wielding of a firearm with effect, but it extends as well to *any* employment of a deadly weapon, even its simple possession, if such possession facilitates the associated felony. The evidence in the present case is quite sufficient, under this definition, to establish appellant's "use" of the firearm during the commission of the felony offense of possessing methamphetamine. In the first place, the evidence shows a peculiar kind of possession of the weapon—it had been loaded and *taken from its holster* so that it was *ready* at hand, if not *in* the appellant's hand, concealed between his leg

and the end of the couch. Next, no evidence appears in the record to suggest a lawful purpose behind the drawn revolver. Third, appellant controlled the revolver while in close proximity to the contraband. We conclude from these facts that a rational trier of fact could find that appellant "used" the firearm during the commission of the felony offense of possessing the contraband, in a sense that the firearm protected and facilitated appellant's care, custody, and management of the contraband. We therefore overrule appellant's seventh point of error.

In the sentencing phase of the trial, which was before a judge without a jury, the State put on evidence of two previous felony convictions for the purpose of enhancement under Tex.Pen.Code Ann. § 12.-42(d) (Supp.1986). The evidence showed that appellant was convicted of burglary in 1968 and possession of methamphetamine in 1981. Appellant now questions the sufficiency of the State's evidence to prove the proper chronology of these convictions so as to meet the requirements of § 12.42(d).

With regard to the first conviction appellant contends: (1) the indictment in the present case alleges that appellant was previously convicted of burglary of a habitation while the conviction was actually for burglary and that such constitutes a fatal variance between the pleading and the proof; (2) the State failed to show the finality of the first judgment of conviction; and (3) the court erred in allowing the records purporting to prove appellant's first prior conviction into evidence because they constituted inadmissible hearsay.

The fact that the indictment alleged a previous conviction for burglary of a habitation, while the proof showed the conviction was for burglary, is not a fatal variance. In 1968 when the first conviction became final, the Penal Code made no distinction between burglary and burglary of a habitation. Tex.Pen.Code art. 1390 (1925). Moreover, even if this does constitute a variance in pleading and proof, that variance is not fatal because either burglary under the former Penal Code or burgla-

ry of a habitation under the present Penal Code is a felony and may be used for enhancement purposes. The purpose of an enhancement allegation is to provide the accused with notice of the previous conviction relied upon by the State. *Cole v. State,* 611 S.W.2d 79 (Tex.Cr.App.1981). Error is not fatal where the variance does not mislead the defendant to his prejudice in preparation of his defense. *Id.* Appellant's eighth point of error is overruled.

The State offered into evidence Exhibit 7: a penitentiary packet from the Texas Department of Corrections containing certified copies of the indictment, judgment, order of probation, docket sheet, and order revoking appellant's probation in cause number 4374, the second alleged felony conviction. The State through expert testimony established that appellant was the same person as the individual identified in Exhibit 7, convicted in cause number 4374. State's Exhibit 8, under the same cause number as Exhibit 7, was the order revoking appellant's probation in cause number 4374. Appellant contends that because he was not identified as the person whose probation was revoked in Exhibit 8, the evidence is insufficient to find that the conviction in the first alleged prior felony had become final. It exceeds reasonableness to suggest that since appellant was properly identified as the only person convicted in cause number 4374, and received probation therein, that an order revoking probation of the person convicted and placed on probation under cause number 4374 could refer to anyone other than appellant. Appellant's ninth point of error is overruled.

Finally, appellant contends Exhibit 7, the "pen packet" in cause number 4374, was inadmissible hearsay because the attestation of the clerk of the court from which the conviction issued was not present. The "pen packet" was certified by the Texas Department of Corrections Clerk of Records as custodian of those documents. We find such certification sufficient under Tex.Rev.Civ.Stat.Ann. art. 3731a § 4 (Supp. 1986). *See Evans v. State,* 677 S.W.2d 814 (Tex.App.1984, no pet.). Appellant's eleventh point of error is overruled.

In appellant's tenth point of error he alleges the evidence is insufficient to sustain the court's finding that appellant committed the second alleged felony offense subsequent to conviction of the first. We agree. The Penal Code in § 12.42(d) requires the State to prove that the accused's second previous felony offense was committed after conviction for the first previous offense became final. *Hickman v. State,* 548 S.W.2d 736 (Tex.Cr.App.1977). The State in this case offered no evidence showing the date on which the second offense was committed; indeed, the State concedes in its brief that the proof is insufficient to show that the second offense was committed subsequent to the finality of the conviction in the first. *See Murphy v. State,* 619 S.W.2d 164 (Tex.Cr.App.1981); *Jefferson v. State,* 611 S.W.2d 102 (Tex.Cr. App.1981). However, we are unable to say, as does the State, that omission of this evidence constituted harmless error. Although the sentence assessed—25 years— is within the *permissible* range of punishment where only one prior felony is used for enhancement purposes, the minimum for such offense is 5 years. Tex.Pen.Code Ann. §§ 12.42(b), 12.32 (Supp.1986). It appears from the record that the trial judge in this case may have intended to assess the *minimum* for a conviction enhanced by two prior felony convictions; therefore, we believe that a new determination of punishment is necessitated.

The errors pointed out above relate to punishment only. Since the court assessed punishment in this case, we set aside the sentence and remand the case to the trial court for reassessment of punishment within the range prescribed by Tex.Pen.Code § 12.32. *See Carter v. State,* 676 S.W.2d 353 (Tex.Cr.App.1984).

Accordingly, we set aside the sentence but affirm the judgment of conviction, remanding the cause for reassessment of punishment.