Monroe v. State 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-088-CR





KENNETH MONROE,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT,



NO. 96,371, HONORABLE MACE B. THURMAN, JR., JUDGE



 




PER CURIAM

 Appellant was convicted after a nonjury trial of possession with intent to deliver
less than 28 grams of cocaine and sentenced to ten years imprisonment. Texas Controlled
Substances Act, 1983 Tex. Gen. Laws, ch. 425, § 6, at 2373 [Tex. Rev. Civ. Stat. art. 4476-15,
§ 4.03, since repealed and codified at Tex. Health & Safety Code § 481.112 (Pamph. 1991)]. In
four points of error, appellant contends that the evidence is insufficient to support his conviction. 
We will affirm the judgment of conviction.

 The critical inquiry on review of the sufficiency of the evidence to support a
criminal conviction is whether the record evidence could reasonably support a finding of guilt
beyond a reasonably doubt. This Court does not ask whether it believes that the evidence at trial
established guilt beyond a reasonable doubt. Instead, the relevant question is whether, after
viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia,
443 U.S. 307, 318-19 (1979); Griffin v. State, 614 S.W.2d 155, 159 (Tex. Cr. App. 1981).

 The illegal "possession" of a controlled substance is not a fact. It is rather a legal
conclusion inferred from facts that are themselves inferred from or directly proved by the evidence
adduced in the case. Patterson v. State, 723 S.W.2d 308, 311 (Tex. App. 1987), aff'd on other
grounds, 769 S.W.2d 938 (Tex. Cr. App. 1989). To sustain the conclusion of illegal possession
of a controlled substance, the evidence must show beyond a reasonable doubt that the accused
exercised care, custody, and control over the substance knowing that it was contraband. 
McGoldrick v. State, 682 S.W.2d 573, 578 (Tex. Cr. App. 1985). When the accused does not
have care, control, and management of the place where contraband was found, the legal
conclusion of possession may not be inferred without additional independent facts which
affirmatively link the accused to the contraband. Martin v. State, 753 S.W.2d 383, 387 Tex. Cr.
App. 1988). Falling within this category of additional independent facts are such considerations
as whether the contraband was in plain view, the proximity of the accused to the contraband, and
whether the accused owned the place where the contraband was found. Deshong v. State, 625
S.W.2d 327 (Tex. Cr. App. 1981). Actions by the accused may also be considered--whether he
was under the influence of a controlled substance or whether he attempted to flee or made any
furtive gestures. Patterson, 723 S.W.2d at 311. No set combination of facts dictates an inference
of possession. Each case depends on the evidence adduced therein. 

 Appellant's first two points of error contend that the evidence is insufficient to
show that appellant exercised actual care, custody, control, or management over the cocaine
seized, and that the evidence is insufficient to show that appellant knew that the substance over
which he allegedly exercised control was contraband. The evidence in this cause shows that: (1)
appellant agreed to meet an informant at a specified gas station to exchange "four for three,"
which another witness testified meant "four sixteenths for $300.00"; (2) two police officers saw
appellant walk toward the specified gas station, break into a run toward a corner of the building
while appellant was looking back toward the street, squat down to the ground, rise up, and start
walking back to the gas pumps where he was arrested; and (3) 5.39 grams of cocaine were found
in a battery package at the location where appellant squat down. There is no evidence that:
(1) appellant owned or exclusively controlled the place where the contraband was found; (2) the
contraband was in plain view, although its container was; (3) the contraband was found on
appellant; (4) appellant's fingerprints were found on the contraband; or (5) appellant was under
the influence of a controlled substance.

 The State submits that the following constitute affirmative links between appellant
and the cocaine: (1) the surreptitious nature of the meeting at the place and approximate time
proposed by appellant; (2) his agreement to exchange "four for three"; (3) his running when he
first saw police officers at the meeting place; (4) his "furtive" watching of the street while he
stopped and squatted at the spot where the cocaine was found; and (5) his walk back to the front
of the gas station. Viewing this evidence in the light most favorable to the prosecution, we
conclude that the evidence is sufficient for a rational trier of fact to find beyond a reasonable
doubt that appellant exercised actual care, custody, control, or management over the cocaine
seized, and that appellant knew that the substance over which he exercised control was
contraband. Points of error 1 and 2 are overruled.

 Appellant's final two points of error contend that the evidence is insufficient to
show that appellant knew that the substance over which he allegedly exercised control was the
specific contraband cocaine and that he possessed the contraband cocaine with intent to deliver. 
Appellant contends that because the State identified the contraband in the indictment as cocaine,
the State is required to prove beyond a reasonable doubt that appellant knew the contraband was
cocaine and that he had specific intent to deliver cocaine, citing Burrell v. State, 526 S.W.2d 799
(Tex. Cr. App. 1975). These contentions are meritless.

 Burrell states the rule that when a person, place, or thing necessary to be mentioned
in the indictment is described with unnecessary particularity, all circumstances of description must
be proven and cannot be rejected as surplusage, for they are thus made essential to the identity
of the offense. Burrell, 526 S.W.2d at 802-03, see also McWilliams v. State, 782 S.W.2d 871,
873 (Tex. Cr. App. 1990). The description of the contraband as cocaine, however, was not an
"unnecessary particularity" because it establishes the offense for which appellant was charged. 
The provision of the Texas Controlled Substances Act in effect at the time of the offense states
that "a person commits an offense if he knowingly or intentionally manufactures, delivers, or
possesses with intent to deliver a controlled substance listed in Penalty Group 1." Texas
Controlled Substances Act § 4.03(a), since repealed. Cocaine is a controlled substance listed in
Penalty Group 1. Texas Controlled Substances Act, 1987 Tex. Gen. Laws, ch. 666, § 3, at 2483
[Tex. Rev. Civ. Stat. art. 4476-15, § 4.02(b)(3)(D), since repealed and codified at Tex. Health
& Safety Code § 481.102(3)(D) (Pamph. 1991)]. The indictment states that "Kenneth Monroe
on or about the 23rd day of March A.D. 1989, . . . did then . . . knowingly possess with intent
to deliver a controlled substance, namely: cocaine." The State's burden under the Act is to show
beyond a reasonable doubt that the accused exercised care, custody, and control over the substance
knowing that it was contraband. Humason v. State, 728 S.W.2d 363, 364 (Tex. Cr. App. 1987);
Patterson, 723 S.W.2d at 311. The State was not required to prove that appellant knew that the
contraband was cocaine or possessed specific intent to deliver cocaine. Furthermore, viewing the
evidence in the light most favorable to the prosecution, we conclude that the evidence is sufficient
for a rational trier of fact to find beyond a reasonable doubt that appellant intended to deliver the
contraband seized. Points of error 3 and 4 are overruled.

 The judgment of conviction is affirmed.


[Before Justices Powers, Aboussie and Kidd]

Affirmed

Filed: May 8, 1991

[Do Not Publish]