**Jimmy Franklin TYRA, Appellant,**

v.

**The STATE of Texas, State.**

No. 2–93–016–CR.

Court of Appeals of Texas, Fort Worth.

Nov. 30, 1993.

Greg Merkle, Wichita Falls, for appellant.

Barry L. Macha, Crim. Dist. Atty., John W. Brasher, Asst. Criminal Dist. Atty., Wichita Falls, for State.

Before LATTIMORE, HICKS and FARRAR, JJ.

## OPINION

LATTIMORE, Justice.

Appellant, Jimmy Franklin Tyra, was convicted by a jury of the offense of involuntary manslaughter, by accident or mistake when operating a motor vehicle while intoxicated. *See* TEX.PENAL CODE ANN. § 19.05(a)(2) (Vernon 1989). The jury made affirmative deadly weapon and enhancement findings, and assessed punishment at seventeen years confinement in the Institutional Division of the Texas Department of Criminal Justice and a $5,000.00 fine. On appeal Tyra raises four points of error contending that: (1) the trial court erred in submitting the deadly weapon issue to the jury because Tyra was found guilty of involuntary manslaughter by accident or mistake, thus precluding a deadly weapon finding; (2) there was insufficient evidence to support such a finding; (3) the direct evidence and circumstantial evidence failed to exclude to a moral certainty the reasonable hypothesis that the victim caused

the accident; and (4) the jury's finding that Tyra exhibited or used a deadly weapon during the commission of a felony was not a rational finding.

We affirm.

On January 24, 1992 at about midnight, Tyra was involved in a three-vehicle accident at a signal-controlled intersection in Wichita Falls. A vehicle driven by Harvey Hux was stopped at the intersection because the light was red. A motorcycle driven by the victim, William Durbin, was located somewhere behind the Hux vehicle. A third vehicle driven by Tyra collided with the rear or middle left side of the motorcycle, and drove it into the rear of the Hux vehicle, fatally injuring Durbin. A witness testified that just before the collision Tyra had been driving at a high rate of speed, estimated at eighty miles per hour, and had jumped a median and nearly collided with another vehicle. In his defense, Tyra points to testimony that the light had changed to green five seconds before the collision, that the motorcycle's lights may not have been on, that Durbin was wearing black clothing, that the motorcycle may have changed lanes into Tyra's path, and that Durbin had traces of alcohol and phenobarbital in his system at the time of the accident. At trial, the jury was presented with a "deadly weapon" issue, and made an affirmative finding that Tyra's vehicle was a deadly weapon. Tyra's four points of error concern the "deadly weapon" issue.

In point of error one, Tyra complains that the trial court erred in denying Tyra's Motion to Quash (4), and in submitting the "deadly weapon" issue to the jury, because there can be no deadly weapon finding if the offense is committed by accident or mistake when operating a motor vehicle while intoxicated. Tyra's theory apparently would limit affirmative deadly weapon findings to those uses where the defendant intended to cause death or serious bodily injury, or intended to employ the motor vehicle as a weapon. In support of this theory, Tyra cites us to *Patterson v. State*, 723 S.W.2d 308 (Tex.App.—Austin 1987), *aff'd*, 769 S.W.2d 938 (Tex.

Crim.App.1989), and *English v. State*, 828 S.W.2d 33 (Tex.App.—Tyler 1991, pet. ref'd). In our view, neither case supports Tyra's contention. *Patterson* involved the possession of a gun by a person arrested on drug charges. That court held that control over the gun while possessing contraband constituted the "use" of a deadly weapon, even though there was no effort made to actually use the gun. *Patterson*, 723 S.W.2d at 315. In *English*, the court stated that a vehicle operated by a intoxicated driver *could* be a deadly weapon, but held that the particular facts of that case did not justify such a finding, since it was not shown that the vehicle was operated in a reckless or negligent manner. *English*, 828 S.W.2d at 38–39.

■■■ "Deadly weapon" is defined in the Penal Code as "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." TEX.PENAL CODE ANN. § 1.07(a)(11)(B) (Vernon 1974). There is no requirement that the defendant intend to cause serious bodily injury with the deadly weapon. It is sufficient that the instrument, as used by the defendant or as he intended to use it, was capable of causing death or serious bodily injury. A motor vehicle may be a deadly weapon where "the vehicle was intentionally, *recklessly* or *negligently* used as a weapon by the accused." *English*, 828 S.W.2d at 38 (emphasis added). In *Roberts v. State*, 766 S.W.2d 578 (Tex.App.—Austin 1989, no pet.) (per curiam), the defendant drove his vehicle into an intersection at eighty to one hundred miles per hour while fleeing the police, and collided with a car stopped at a red light, causing a fatality. The defendant was intoxicated. That court held that the defendant's "reckless operation of his truck, and the death and serious bodily injuries to others that resulted, support the district court's finding that the truck was used as a deadly weapon.... That [defendant's] conduct was reckless, rather than intentional or knowing, does not alter the deadly manner in which he used the truck." *Id.* at 580 (citations omitted). *See Ex parte McKithan*, 838 S.W.2d 560, 561 (Tex.Crim.App.1992) (stating that a "motor

vehicle, in the manner of its use or intended use, is clearly capable of causing death or serious bodily injury and therefore can be a deadly weapon," but declining to comment on the sufficiency of the evidence to support the deadly weapon finding in that particular case). We hold that the intentional, reckless, or negligent operation of a motor vehicle, while intoxicated, resulting in death or serious bodily injury, will support a finding that the vehicle is a deadly weapon. Point of error one is overruled.

In his second and fourth points of error, Tyra complains that the trial court erred in submitting the "deadly weapon" issue because the evidence was insufficient to support the jury's affirmative finding that "he used a deadly weapon" in the commission of the offense, and that the jury's finding that he used a deadly weapon was not a rational finding. In reviewing the sufficiency of the evidence to support a conviction, the evidence is viewed in the light most favorable to the verdict. *Flournoy v. State,* 668 S.W.2d 380, 383 (Tex.Crim.App.1984). The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Bonham v. State,* 680 S.W.2d 815, 819 (Tex.Crim.App.1984), *cert. denied,* 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985); *Wilson v. State,* 654 S.W.2d 465, 471 (Tex.Crim.App.1983) (opinion on reh'g). The sufficiency of the evidence is a question of law. The issue on appeal is not whether we as a court believe the prosecution's evidence or believe that the defense evidence "outweighs" the State's evidence. *See Urbano v. State,* 837 S.W.2d 114, 115 (Tex.Crim.App.1992); *Wicker v. State,* 667 S.W.2d 137, 143 (Tex.Crim.App.), *cert. denied,* 469 U.S. 892, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984). The verdict may not be overturned unless it is irrational or unsupported by proof beyond a reasonable doubt. *Urbano,* 837 S.W.2d at 115–16; *Matson v. State,* 819 S.W.2d 839, 846 (Tex.Crim.App. 1991). The standard for review is the same for direct and circumstantial evidence cases. *Geesa v. State,* 820 S.W.2d 154, 158–62 (Tex. Crim.App.1991).

█ Here, there was clear evidence that Tyra was extremely intoxicated, with a blood alcohol content of 0.26 grams per 100 milliliters. Testimony indicated that Tyra approached the intersection at a high rate of speed, estimated at eighty miles per hour, and did not make any effort to slow down or stop although he was approaching traffic stopped at a traffic light. Just prior to the accident, Tyra was observed jumping a median, nearly colliding with another vehicle, and "swerving back and forth." Tyra struck both the victim's motorcycle and Hux's vehicle. There was no suggestion that Hux's vehicle did not have its lights on, or that the traffic light had not been red just prior to the collision. We hold that there was sufficient evidence for a rational jury to find that Tyra's vehicle, in the manner of its use, was capable of causing death or serious bodily injury. Points of error two and four are overruled.

█ In point of error three, Tyra further argues that the trial court erred in submitting the deadly weapon issue to the jury because the direct evidence and circumstantial evidence failed to exclude to a moral certainty the reasonable hypothesis that the victim caused the accident. The "reasonable-hypothesis" analytical construct has been rejected by the court of criminal appeals in *Geesa v. State,* 820 S.W.2d 154 (Tex.Crim. App.1991). Since Tyra's trial took place after the *Geesa* decision became final, the "reasonable-hypothesis" analytical construct should not be utilized in evaluating Tyra's claim. Point of error three is overruled.

The judgment of the trial court is affirmed.