TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00242-CR







Gary Lee Nelms, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT


NO. A-94-0149-S, HONORABLE DICK ALCALA, JUDGE PRESIDING








 Following a bench trial, the court below found Gary Lee Nelms guilty of using a deadly
weapon during the commission of a felony and sentenced him to forty-eight years confinement. See Tex.
Code Crim. Proc. Ann. art. 42.12, § 3g (West Supp. 1997). We will modify the judgment and affirm it
as modified.


THE CONTROVERSY


 In a search of Nelms's person, a police officer found in his watch pocket a quantity of
methamphetamine less than 28 grams, and in his right front pocket a derringer pistol. Nelms did not resist
the search and did not attempt to remove the pistol from his pocket. When the officer asked Nelms if he
had any weapons, Nelms directed the officer's attention to the pistol in his pocket.

 Nelms pleaded guilty to possessing the methamphetamine, a second degree felony. See
Tex. Health & Safety Code Ann. § 481.115 (West 1992). He pleaded not true to the indictment allegation
that he used a deadly weapon during commission of the felony. The trial judge's finding that the allegation
was true prohibits community supervision and limits good-time credit for parole eligibility.


DISCUSSION AND HOLDING


 The State was obliged to show "that a deadly weapon . . . was used or exhibited during
the commission of a felony offense or during immediate flight therefrom." See Tex. Code Crim. Proc. Ann.
art. 42.12, § 3g(a)(2) (emphasis added). Nelms contends, in effect, that the evidence is insufficient to show
his use of the pistol. We disagree.

 The "simple possession" of a deadly weapon may amount to a use of it within the meaning
of the statute, "if such possession facilitates the associated felony." Patterson v. State, 769 S.W.2d 938,
941 (Tex. Crim. App. 1989) (affirming and quoting, Patterson v. State, 723 S.W.2d 308, 315 (Tex.
App.--Austin 1987)). The issue reduces to whether a rational trier of fact could find, beyond a reasonable
doubt, that Nelms's possession of the pistol facilitated his possession of the contraband. We believe the
finding justified by the evidence.

 In Patterson, the appellant was found to have used a deadly weapon in the statutory sense
when the evidence showed the following: a .45 caliber pistol was loaded and concealed between
appellant's leg and the end of the couch upon which he sat; he was seated next to an end table upon which
rested the contraband and related items, a holster for a .45 caliber pistol, and certain of appellant's personal
effects; and appellant did not appear to be under the influence of drugs, made no furtive gesture or attempt
to flee, raised his hands at an officer's approach, and stated he had a "gun" but was not going to use it. Id.,
723 S.W.2d at 315, 769 S.W.2d at 939.

 In the present case, the evidence shows Nelms's simultaneous control of a loaded pistol
and contraband, each concealed on his person in a different pocket. The association between the pistol
and the contraband, in time and place, is obvious; and we believe a trier of fact could rationally conclude
beyond a reasonable doubt that the purpose of the pistol was to protect the contraband, and thus facilitated
Nelms's possession of the latter, as in Patterson. 

 Nelms contends the decision in Bailey v. United States, 116 S. Ct. 501 (1995), should
qualify the holding and the statutory interpretation in Patterson. We disagree. The federal statute
construed in Bailey differs from article 42.12, § 3g(a)(2)--the state statute construed in Patterson. The
federal statute refers to one who "uses or carries a firearm," while the Texas statute refers to one who "uses
or exhibits" a firearm. The federal statute and the state statute both employ the verb use, but the legislative
intention behind that verb is influenced in each instance by the verb that follows the disjunctive "or." The
influencing verb is different in the federal statute ("carries") and the state statute ("exhibited"). This is an
important and sufficient distinction in our view and we are bound to follow Patterson in all events. We
overrule Nelms's first point of error.

 In his second point of error, Nelms contends the trial judge erred in rendering a judgment
nunc pro tunc after notice of appeal was filed. We agree.

 The trial judge originally ordered suspension of the forty-eight year sentence and placed
Nelms on community supervision. After Nelms filed notice of appeal, the judge attempted to correct the
judgment nunc pro tunc to show that probation and community supervision were not ordered. The
attempted correction was void. Tex. R. App. P. 40(b)(2). We may, however, modify the trial-court
judgment and correct it as the law may require. Tex. R. App. P. 80(b)(2). This includes a power to reform
an error the trial judge could have corrected by a judgment nunc pro tunc if the information necessary to
correct the judgment appears in the record. See Asberry v. State, 813 S.W.2d 526, 531 (Tex.
App.--Dallas 1991, pet. ref'd).

 We therefore sustain Nelms's second point of error and modify the judgment to sentence
appellant to confinement for a term of forty-eight years, with no suspension of the sentence. As modified,
we affirm the trial-court judgment.



 

 John Powers, Justice

Before Justices Powers, Jones and Kidd

Modified and, as Modified, Affirmed

Filed: July 24, 1997

Do Not Publish



gree.

 The "simple possession" of a deadly weapon may amount to a use of it within the meaning
of the statute, "if such possession facilitates the associated felony." Patterson v. State, 769 S.W.2d 938,
941 (Tex. Crim. App. 1989) (affirming and quoting, Patterson v. State, 723 S.W.2d 308, 315 (Tex.
App.--Austin 1987)). The issue reduces to whether a rational trier of fact could find, beyond a reasonable
doubt, that Nelms's possession of the pistol facilitated his possession of the contraband. We believe the
finding justified by the evidence.

 In Patterson, the appellant was found to have used a deadly weapon in the statutory sense
when the evidence showed the following: a .45 caliber pistol was loaded and concealed between
appellant's leg and the end of the couch upon which he sat; he was seated next to an end table upon which
rested the contraband and related items, a holster for a .45 caliber pistol, and certain of appellant's personal
effects; and appellant did not appear to be under the influence of drugs, made no furtive gesture or attempt
to flee, raised his hands at an officer's approach, and stated he had a "gun" but was not going to use it. Id.,
723 S.W.2d at 315, 769 S.W.2d at 939.

 In the present case, the evidence shows Nelms's simultaneous c