NO. 07-00-0061-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 5, 2002

_____

DONNIE RAY COTTEN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE CRIMINAL DISTRICT COURT 5 OF DALLAS COUNTY;

NO. F-9931577-WL; HONORABLE MANNY ALVAREZ, JUDGE

_____

Before QUINN and REAVIS and JOHNSON, JJ.

Appellant Donnie Ray Cotten appeals from his conviction and sentence for possession of a controlled substance, to-wit: cocaine. By three issues he challenges the legal and factual sufficiency of the evidence, and the admission into evidence of a copy of the affidavit underlying a search warrant. We affirm.

BACKGROUND

Appellant and his wife, Phyllis, resided in an apartment in a complex located at 1408 W. 6th Street in Irving, Texas, at the time of the events underlying his conviction. Based on information from a confidential informant to the effect that appellant possessed drugs in his apartment, police officers obtained a search and arrest warrant and proceeded to the apartment. When they arrived at the apartment, appellant and his wife were not at home; they were at a Laundromat. Appellant's son and another person staying temporarily in the apartment allowed some of the officers inside the apartment, while another officer went to the Laundromat to bring appellant and his wife back to the apartment. The officers found the door to the master bedroom was locked. The officers broke through the locked door. A bathroom was attached to the master bedroom. In the master bathroom the officers found a locked toolbox. In the toolbox, among other items, were a bottle with cocaine in it, and checks with appellant's name and address made out to Crimestoppers and the probation department and listing the apartment as appellant's address. Appellant was arrested when he and his wife returned to the apartment.

In addition to charging appellant with possession of the cocaine in the toolbox, the State filed a motion to revoke his probation from a prior conviction because appellant had cocaine in his system. Appellant pled true to the motion to revoke his probation. He does not appeal the order revoking his probation or his sentence therefrom.

Appellant waived jury trial on the charge of possession. The trial court found appellant guilty and sentenced him to three years incarceration and a fine of $500. Irving police officer Kevin Denney was the sole witness to testify for the State.

Appellant urges three issues on appeal. His first and second issues assert that the evidence was legally and factually insufficient to support his conviction for intentionally and knowingly possessing cocaine. His third issue alleges that the trial court erred in admitting into evidence a copy of the affidavit underlying the search warrant because a question was raised as to the authenticity of the original.

## LEGAL AND FACTUAL SUFFICIENCY OF THE EVIDENCE

Appellant's first and second issues assert that the evidence was legally and factually insufficient to sustain his conviction. He urges that he did not acknowledge or assert ownership of either the toolbox in the master bathroom, or the cocaine in it, and neither the toolbox nor the cocaine had labels or other identification to link them to appellant. Appellant asserts that the following evidence mandates a conclusion that the trial court's judgment is based on both legally and factually insufficient evidence: (1) appellant was not present at the apartment when the search and arrest warrants were executed, (2) the prescription bottle containing the cocaine did not have appellant's name on it,[1] (3) there was no evidence that appellant possessed the keys to either the master

---

[1]Denney gave conflicting testimony concerning the prescription bottle. At first, he testified that the bottle was "unmarked." Later, he testified that the bottle was marked with the name Brett Swain. The bottle was not introduced into evidence. Denney testified that Brett Swain was one of the people present in the apartment when the police first arrived.

bedroom or the locked toolbox in which the cocaine was found, (4) appellant never indicated that either the cocaine, the locked toolbox, or the prescription bottle belonged to him, (5) the evidence showed that three other people resided in the apartment, (6) there was no evidence that the names on the two money orders were in his handwriting.[2]

Appellant acknowledges that the State could carry its burden of proof by establishing affirmative links between the cocaine and appellant, but denies that the evidence was legally or factually sufficient to do so.

## A. Standard of Review

When reviewing challenges to both the legal sufficiency and the factual sufficiency of the evidence to support the judgment, we first review the legal sufficiency challenge. Clewis v. State, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996). If the evidence is legally sufficient to support the judgment, we then review the factual sufficiency challenge, if one is properly raised. Id. Our review is taken being mindful that the trial judge as the trier of fact is the sole judge of the weight and credibility of the evidence. Santellan v. State, 939 S.W.2d 155, 164 (Tex.Crim.App. 1997).

---

[2]In addition, appellant's wife testified to the effect that: (1) the toolbox belonged to a person other than appellant, (2) she and appellant did not use the master bathroom, and (3) the money orders in the toolbox had been stolen from her husband and that they had been looking for them. In a factual sufficiency challenge the appellate court has a duty to consider the entire record. Clewis v. State, 922 S.W.2d 126, 129 (Tex.Crim.App. 1996). Therefore, we have considered the testimony of appellant's wife in determining whether the evidence was factually sufficient to support the trial court's judgment.

The evidence is legally sufficient if, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); Clewis, 922 S.W.2d at 132. All the evidence is reviewed, but evidence that does not support the judgment is disregarded. See, e.g., Chambers v. State, 805 S.W.2d 459, 461 (Tex.Crim.App. 1991).

A factual sufficiency review of the evidence begins with the presumption that the evidence supporting the trial court's judgment was legally sufficient under the Jackson test. Clewis, 922 S.W.2d at 134. Factual sufficiency review is accomplished without viewing the evidence in the light most favorable to the prosecution, as the evidence is viewed in determining legal sufficiency. Id. The evidence is factually sufficient to support the judgment if the verdict is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Id. Stated otherwise, the evidence is not factually sufficient to support a conviction if the appellate court determines, after viewing all the evidence, both for and against the finding in a neutral light, that the proof of guilt is so obviously weak as to undermine the confidence in the trier of fact's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1, 11 (Tex.Crim.App. 2000).

B. Law

When a defendant is charged with the offense of possession of a controlled substance, the State has the burden of proving that (1) the defendant exercised actual care, custody, control or management over the contraband, and (2) the defendant knew that the substance possessed was contraband. King v. State, 895 S.W.2d 701, 703 (Tex.Crim.App. 1995). Possession of contraband need not be exclusive; however, where the defendant is not in exclusive possession of the place where the substance is found, evidence that affirmatively links the defendant to the contraband may suffice for proof that the defendant possessed it knowingly. Brown v. State, 911 S.W.2d 744, 747 (Tex.Crim.App. 1995). Such evidence may be either direct or circumstantial. Id. However, the evidence must be sufficient to establish to the requisite level of confidence that the accused's connection with the contraband was something more than fortuitous. Id.

Some of the factors which have been identified as tending to prove the essential elements of the offense include (1) the accused was the owner or occupant of the place where the contraband was found, (2) the place where the contraband was found was enclosed, (3) the accused had a special connection to the place where the contraband was found, and (4) the physical condition of the accused indicated recent consumption of the contraband. See Whitworth v. State, 808 S.W.2d 566, 569 (Tex.App.--Austin 1991, pet. ref'd). It has also been held that one or more papers bearing the defendant's name may help show knowing possession when found among or in close proximity to the contraband.

6

See Patterson v. State, 723 S.W.2d 308, 312 (Tex.App.--Austin 1987), aff'd, 769 S.W.2d 938 (Tex.Crim.App. 1989).

C. Application of Law to Facts

In the instant case, the facts affirmatively linking appellant to possession of the cocaine include:  (1) appellant and his wife were residing in the apartment in which the cocaine was found, (2) appellant's wife testified that she and appellant were occupying the master bedroom that was adjacent to the bathroom in which the cocaine was found, (3) the sole access to the bathroom was through the door to the master bedroom, (4) the door to the master bedroom was locked when police arrived and appellant and his wife were out of the apartment, (5) a partially-filled-out tax form in the master bedroom listed the address of appellant and his wife as the apartment, (6)  two checks bearing appellant's name and address were found in the locked toolbox along with drug paraphernalia and a bottle containing cocaine, (7) other drug paraphernalia was discovered in the master bathroom, (8) Denney testified that a reliable, confidential informant had told him that the informant had seen appellant in possession of cocaine at appellant's residence, (9) Denney testified without objection that the informant told Denney that the cocaine belonged to appellant, and (10) a subsequent urinalysis disclosed the presence of cocaine in appellant's system.

Viewing the record in the light most favorable to the prosecution, and disregarding all contrary evidence and inferences, there was legally sufficient evidence for the court to

find the elements of possession of controlled substance beyond a reasonable doubt. Stated otherwise, the evidence was legally sufficient for the court to find beyond a reasonable doubt that appellant (1) exercised actual care, custody, control or management over the contraband, and (2) knew that the substance he possessed was contraband. Appellant's first issue is overruled.

Regarding the factual sufficiency of the evidence, appellant asserts that the evidence, viewed in a neutral light, so overwhelmingly outweighs the evidence supporting the verdict as to render the trial court's judgment clearly wrong and unjust. We disagree. We have previously noted evidence in the record which could be interpreted in favor of appellant's innocence or his guilt. It was within the province of the trial judge, as the trier of fact, to consider the demeanor and credibility of the witnesses in weighing any conflicting evidence. See Cain v. State, 958 S.W.2d 404, 408-09 (Tex.Crim.App. 1997). After considering all the evidence in a neutral light, we are unable to conclude that either (1) the State's evidence of appellant's guilt was so weak as to undermine confidence in the trial court's judgment, or (2) the evidence of appellant's guilt is so greatly outweighed by contrary evidence as to render the trial court's judgment clearly wrong and unjust. Appellant's second point of error is overruled.

## ADMISSION OF COPY OF AFFIDAVIT

By his third issue, appellant asserts error by the trial court in admitting into evidence a copy of Denney's affidavit on which the search and arrest warrant was based. He

8

asserts that the document should have been excluded because a question was raised as to the authenticity of the original, or under the circumstances it was unfair to admit a duplicate in lieu of the original. He cites Texas Rules of Evidence 1002 and 1003 and urges that he raised a question as to the authenticity of the original when the State attempted to introduce a copy of the affidavit.

Officer Denney testified when and how he made handwritten changes to the affidavit to reflect that his informant stated that appellant possessed cocaine, not methamphetamine as was typed into the affidavit. Appellant's objection to admission of the document at trial was to the effect that ". . . Methamphetamine has been changed to cocaine in numerous places, and we have no idea when or how or where this was changed." Appellant, however, did not object to the State's failure to introduce the original of the document, urge that the copy was not a true and correct copy of the original, or make known to the trial court that it was somehow unfair or prejudicial for a copy to be used instead of the original. His objection was that the State's evidence was not sufficient to prove when the handwritten changes were made.

Moreover, appellant did not challenge the search itself, object to introduction of or testimony about evidence discovered during the search, or object to introduction of the cocaine which was discovered during the search. And, at one point, Denney testified without objection that the confidential informant said that the cocaine belonged to appellant.

9

Error is not preserved for review when the objection at trial did not correspond to the issue asserted on appeal. See Dixon v. State, 2 S.W.3d 263, 265 (Tex.Crim.App. 1998). The issue asserted on appeal has not been preserved for review.

Furthermore, overruling an objection to evidence will not result in reversal when the same evidence was introduced through another source without objection, either before or after the complained-of ruling; this rule applies whether the other evidence was introduced by the defendant or the State. See Leday v. State, 983 S.W.2d 713, 718 (Tex.Crim.App. 1998); Womble v. State, 618 S.W.2d 59, 62 (Tex.Crim.App. 1981). The evidence contained in the affidavit was later introduced through Denney's testimony without objection from appellant. The error, if any, did not affect appellant's substantial rights and must be disregarded. TEX. R. APP. P. 44.2(b). Appellant's third issue is overruled.

CONCLUSION

Appellant's issues one through three having been overruled, the judgment of the trial court is affirmed.

Phil Johnson
Justice

Do not publish.

10