# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00734-CR

**Sammy Zapata, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT NO. 05-053-K277, HONORABLE KEN ANDERSON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Sammy Zapata guilty of burglary of a habitation and assessed punishment, enhanced by two previous felony convictions, at life imprisonment. *See* Tex. Penal Code Ann. § 30.02 (West 2003). The jury also found that a firearm was used or exhibited during the commission of the offense. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(2) (West Supp. 2006); Tex. Gov't Code Ann. § 508.145 (West Supp. 2006), § 508.149 (West 2004). The only issue presented is whether the evidence supports this finding. We conclude that it does and affirm the conviction.

Appellant was arrested by police while still inside the burgled residence. He was wearing boots, jeans, a black skull cap, and a camouflage shirt. He was carrying a loaded 9 millimeter semiautomatic pistol in the waistband of his pants. He also had a backpack, binoculars, gloves, electrical tape, a cell phone, and a steak knife. There is no evidence that appellant ever removed the pistol from his waistband or displayed the weapon to anyone. The arresting officers

discovered the pistol after appellant was seized. Appellant argues that this evidence is legally and factually insufficient to support a finding that he used or exhibited the firearm during the commission of the burglary within the meaning of article 42.12, section 3g(a)(2). *See Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981) (standard of review for legal sufficiency); *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000) (standard of review for factual sufficiency).

The "use" of a deadly weapon during the commission of a crime "refers certainly to the wielding of a firearm with effect, but it extends as well to *any* employment of a deadly weapon, even its simple possession, if such possession facilitates the associated felony." *Patterson v. State*, 723 S.W.2d 308, 315 (Tex. App.—Austin 1987), *aff'd*, 769 S.W.2d 938, 942 (Tex. Crim. App. 1989). In *Patterson*, police officers entered an apartment to execute a search warrant. 723 S.W.2d at 310. They found Patterson sitting on a couch next to a table containing drugs, drug paraphernalia, .45 caliber ammunition, and $905 in cash. *Id*. A loaded .45 caliber pistol was concealed between Patterson's leg and the end of the couch. *Id*. at 311. Patterson did not attempt to reach for the pistol. *Id*. This Court held that a rational trier of fact could find that Patterson used the pistol during the offense of possessing the controlled substances in the sense that the firearm protected and facilitated his care, custody, and management of the contraband. *Id*. at 315.

*Gregg v. State*, like the cause before us, involved a burglary in which the defendant was arrested while still inside the premises. 820 S.W.2d 191, 193 (Tex. App.—Fort Worth 1991, no pet.). The evidence showed that during the burglary, the defendant found a shotgun in the complainant's bedroom closet, loaded it, and placed it on the bed. *Id*. The court of appeals affirmed the finding that the defendant used the shotgun during the commission of the burglary:

2

> Certainly he would not have gone to the trouble to load the gun and place it in such an accessible position had he simply intended to steal the gun; rather, the gun was "used" for the purpose of effectuating this burglary in that the appellant could have fired it upon being surprised or caught in the home by the complainant or a family member, the police, or anyone else. Although he was not in actual physical possession of the shotgun at the time of his arrest on the premises, appellant's act of finding, loading, and moving the gun, constituted sufficient control and possession of the gun as to support a finding that he "used" the gun during the commission of the offense.

*Id*.

Burglary of a residence during the nighttime is a dangerous enterprise. The loaded pistol was not found in appellant's vehicle or the backpack he was carrying; it was in the waistband of his jeans and thus readily at hand. It is reasonable to infer that appellant had armed himself with the pistol for the purpose of protecting himself if confronted by an angry homeowner or a police officer during the course of the offense. Applying the appropriate standards of review, we hold that the evidence is legally and factually sufficient to support the jury's finding that appellant used a firearm during the commission of the burglary.

*Narron v. State*, 835 S.W.2d 642 (Tex. Crim. App. 1992), cited by appellant, is not on point. In that case, the defendant was convicted of possessing a prohibited weapon, and the judgment contained a finding that the weapon was used during the commission of the offense. *Id*. at 643. The court of criminal appeals struck the finding, reasoning that under article 42.12, section 3g(a)(2), the weapon must facilitate the commission of an offense other than its own unlawful possession. *Id*. at 644; *see also Tyra v. State*, 897 S.W.2d 796, 798 (Tex. Crim. App. 1995) (construing *Narron*). In the cause now before us, appellant did not merely possess the pistol; he possessed it while committing burglary.

Also distinguishable are four opinions by this Court cited by appellant: *Johnston v. State*, 115 S.W.3d 761, 762-64 (Tex. App.—Austin 2003), *aff'd*, 145 S.W.3d 217, 225 (Tex. Crim. App. 2004); *Rodriguez v. State*, 31 S.W.3d 772, 778-79 (Tex. App.—Austin 2000), *aff'd*, 104 S.W.3d 87, 92 (Tex. Crim. App. 2003); *Holder v. State*, 837 S.W.2d 802, 807-09 (Tex. App.—Austin 1992, pet. ref'd); *Boes v. State*, No. 03-03-00326-CR, 2004 Tex. App. LEXIS 6806, at *6-7 (Tex. App.—Austin July 29, 2004, no pet.) (not designated for publication). Appellant refers us to the discussion in each of these opinions regarding whether an object had been shown to be a deadly weapon in the manner of its use or intended use. *See* Tex. Penal Code Ann. § 1.07(a)(17)(B) (West Supp. 2006). That is not an issue here because a firearm is a deadly weapon as a matter of law. *Id.* § 1.07(a)(17)(A). Whether appellant used the firearm in a manner capable of causing death or serious bodily injury is irrelevant.

The point of error is overruled and the judgment of conviction is affirmed.[1]

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Patterson and Pemberton

Affirmed

Filed: February 6, 2007

Do Not Publish

_____

[1] All pending motions are overruled.

4