**Ronny Mark GREGG, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2-90-202-CR.**

Court of Appeals of Texas,
Fort Worth.

Nov. 20, 1991.

Hill, Beatty, Butcher & Gallagher and Allan K. Butcher, Fort Worth, for appellant.

Tim Curry, Criminal Dist. Atty., C. Chris Marshall, David K. Chapman, and Edwin Youngblood, Asst. Criminal Dist. Attys., Fort Worth, for State.

Before JOE SPURLOCK, II, HILL and FARRIS, JJ.

## OPINION

HILL, Justice.

Ronny Mark Gregg appeals his conviction by a jury of burglary of a habitation. The court found enhancement allegations to be true and assessed appellant's punishment at thirty years in the Texas Department of Criminal Justice, Institutional Division. Gregg complains in two related points of error that the trial court erred in: (1) holding that the evidence was sufficient to show that Gregg used or exhibited a deadly weapon during the commission of the burglary, and (2) holding that the evidence was sufficient to prove the shotgun that gave rise to such finding was in fact a deadly weapon.

We affirm because: (1) the evidence was sufficient to find that Gregg "used" the shotgun in the course of committing the burglary within the meaning of TEX.CODE CRIM.PROC.ANN. art. 42.12, sec. 3g (Vernon Supp.1991), and (2) the evidence was sufficient for the court to find that the shotgun was a "deadly weapon."

Gregg contends in point of error number one that the trial court erred in making a finding that a deadly weapon was used or exhibited by Gregg during the course of the burglary of which he was convicted.

In reviewing the sufficiency of the evidence in either a direct or circumstantial

evidence case, we must view the evidence in the light most favorable to the prosecution and consider whether any rational trier of fact could have found the essential elements beyond a reasonable doubt. *See Jackson v. State,* 672 S.W.2d 801, 803 (Tex. Crim.App.1984); *Houston v. State,* 663 S.W.2d 455, 456 (Tex.Crim.App.1984) (opinion on reh'g).

Both the appellant and the State rely on *Patterson v. State,* 769 S.W.2d 938 (Tex. Crim.App.1989) (en banc) in support of their respective positions. In *Patterson,* the appellant was seated at the end of a couch when police officers entered a house pursuant to a warrant. Upon being approached by an officer, he stated that he had a gun next to him, but was not going to use it. *Patterson,* 769 S.W.2d at 939. He was convicted of possession of methamphetamine, which was found next to him on an end table. *Id.*

■ In construing TEX.CODE CRIM. PROC.ANN. art. 42.12, sec. 3g, the court adopted the reasoning and definition of the terms "used" and "exhibited" by the court of appeals. *See Patterson v. State,* 723 S.W.2d 308 (Tex.App.—Austin 1987), *aff'd and remanded,* 769 S.W.2d 938 (1989). "Used" during the commission of the offense means that the deadly weapon was employed or utilized in order to achieve its purpose. *Patterson,* 769 S.W.2d at 941. "Used ... refers certainly to the wielding of a firearm with effect, but it extends as well to *any* employment of a deadly weapon, even its simple possession, if such possession facilitates the associated felony." *Patterson,* 769 S.W.2d at 941, quoting from *Patterson v. State,* 723 S.W.2d at 315 (emphasis in original).

■ We find *Patterson* to be persuasive from the State's perspective. In the instant case, it is undisputed that the appellant found the shotgun in the closet of the master bedroom of the complainant's home, loaded the gun, and placed it on top of the bed in that room. Certainly he would not have gone to the trouble to load the gun and place it in such an accessible position had he simply intended to steal the gun; rather, the gun was "used" for the purpose

of effectuating this burglary in that the appellant could have fired it upon being surprised or caught in the home by the complainant or a family member, the police, or anyone else. Although he was not in actual physical possession of the shotgun at the time of his arrest on the premises, appellant's act of finding, loading, and moving the gun, constituted sufficient control and possession of the gun as to support a finding that he "used" the gun during the commission of the offense. We hold that a rational trier of fact could have concluded beyond a reasonable doubt that appellant used a deadly weapon during the commission of the felony for which he was convicted. Point of error number one is overruled.

■ Appellant contends in point of error number two that there was insufficient evidence to prove that the shotgun used was in fact a "deadly weapon" as that term is defined in TEX.PENAL CODE ANN. sec. 1.07(a)(11) (Vernon 1974), as follows:

> (A) a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or

> (B) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.

*Id.*

■ A shotgun is a deadly weapon per se, unless it is reasonably apparent from the manner of its use that death or serious bodily injury could not result. *Ex parte Franklin,* 757 S.W.2d 778, 783 (Tex.Crim. App.1988); *Flanagan v. State,* 675 S.W.2d 734, 737–38 (Tex.Crim.App. [Panel Op.] 1982).

Appellant states in his brief that the complainant homeowner had never fired the shotgun, and that there is no evidence to indicate that it was reasonably apparent that the gun could cause death or serious bodily injury. However, we find in the record that the complainant testified that he had successfully test fired the gun contemporaneously with his purchase of it. The complainant also testified that when he looked at the gun immediately following

the arrest of appellant, it was loaded with one shell in the chamber, three shells in the magazine, and the safety off. He further testified that the shells found in the gun were magnum shells which he had loaded himself, and which were much more powerful than ordinary shotgun shells. We find that there was ample evidence for the court to find beyond a reasonable doubt that a deadly weapon was in fact used. Point of error number two is overruled.

The judgment is affirmed.