Louis Autry LISTER, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–93–00106–CR.

Court of Appeals of Texas,
Tyler.

Aug. 31, 1994.

Discretionary Review Refused Jan. 25, 1995.

J. Clay Gossett, Henderson, for appellant.

Kyle Freeman, Dist. County Atty., Henderson, for appellee.

BILL BASS, Justice.

In this appeal, Louis Autry Lister challenges his aggravated assault of a peace officer conviction on grounds that the evidence was insufficient to support the jury's guilty verdict, and that he used a deadly weapon, a firearm, in the commission of the offense. The court, pursuant to Article 42.12, section 3g(a)(2) of the CODE OF CRIMINAL PROCEDURE, entered the jury's affirmative deadly weapon finding in its judgment. After finding Lister had two prior felony convictions, the jury assessed punishment at 50 years confinement in the Texas Department of Criminal Justice–Institutional Division. We will reform the judgment and, as reformed, affirm.

In six points of error, Lister argues that there was insufficient evidence to support a conviction of aggravated assault of a peace officer and use of a deadly weapon. In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 317, 99 S.Ct. 2781, 2788, 61 L.Ed.2d 560 (1979); *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Cr.App.1989). The entire body of evidence is reviewed to determine whether the State has proven beyond a reasonable doubt each and every element of the alleged crime, and not just a plausible explanation of the crime. *Butler*, 769 S.W.2d at 234.

In points of error one and two, Lister argues that the evidence was insufficient to support a finding of use of a deadly weapon in the commission of the offense.[1] In the light most favorable to the verdict, the evidence shows the following. Louis Lister was in the process of beating up his mother's boyfriend in their home when Rickey Turner, an officer with the Henderson Police Department, entered and attempted to restrain Lister. Lister had been hitting his mother's boyfriend with his fists and a broken whiskey bottle and was wildly out of control. According to Officer Turner's testimony, when he entered the back bedroom where Lister was fighting, Lister turned, faced the uniformed officer, and lunged for the officer's weapon while yelling, "I'm going to kill you, mother f___ nigger." Lister was able to grasp the gun, which was secured in Officer Turner's holster with a snap. However, Lister never removed the gun from the holster because Officer Turner was able to push Lister's hands away and step back from Lister's reach.

Officer Turner then attempted to restrain Lister, first alone, and then with two other officers. Lister kicked wildly at Turner and the others, pulled back Turner's fingers and tore off one of Turner's fingernails, and even tried to bite Turner in the groin area. Lister continued to yell obscenities at Officer Turner and also threatened to kill Turner, Lister's mother, and his mother's boyfriend. Finally, with the aid of three pairs of handcuffs, the officers restrained Lister and took him in to be jailed.

For a court or jury to find that a defendant "used" a deadly weapon for affirmative finding purposes, the weapon must be utilized to achieve an intended result, namely, the commission of a felony offense separate and distinct from "mere" possession. *Narron v. State*, 835 S.W.2d 642, 644 (Tex. Cr.App.1992). A minimal requirement of use of a deadly weapon is control and possession of the weapon. *See Patterson v. State*, 769 S.W.2d 938, 941 (Tex.Cr.App.1989); *Gregg v. State*, 820 S.W.2d 191, 193 (Tex.App.—Fort Worth 1991, no writ). Without control or possession of the weapon, the deadly weapon cannot be "utilized, employed, or applied" in order to achieve its intended result: "the commission of a felony offense or during immediate flight therefrom." *See Patterson*, 769 S.W.2d at 941.

The evidence is undisputed that Lister never actually had possession or control of Officer Turner's weapon. While Officer Turner testified that Lister's hand "was actually on [his] weapon," the holster's "thumb break" did not unsnap and the gun remained secured in the holster. The evidence also indicates that Officer Turner, as quickly as Lister grasped his holstered gun, pushed Lister's hands away and moved out of his reach. Officer Turner remained in control and possession of the gun throughout the altercation. Consequently, we conclude that the evidence was legally insufficient for the jury to find that Lister had "used a deadly weapon, to-wit: a firearm, during the commission of the offense." Points of error one and two are *sustained.*

---

1. In point of error one, Lister claims the court erred in failing to grant his motion for directed verdict on the deadly weapon issue. In point of error two, Lister challenges the jury's verdict based on sufficiency of the evidence. Since a challenge to the trial judge's ruling on a motion for an instructed verdict is a challenge to the sufficiency of the evidence to support the conviction, we will address the points together. *See Madden v. State*, 799 S.W.2d 683, 686 (Tex.Cr. App.1990).

In points three and four,[2] Lister argues that the evidence was insufficient to support the jury's verdict that Lister was guilty of aggravated assault, as alleged in the indictment.[3] Lister was charged with aggravated assault by "intentionally or knowingly threaten[ing] another with imminent bodily injury." TEX.PENAL CODE ANN. § 22.01(a)(2) (Vernon 1989). The "aggravating" conduct charged was that Lister either: (a) threatened a person with a deadly weapon; or (b) threatened a peace officer. TEX.PENAL CODE ANN. § 22.02(a)(2) (Vernon 1989). We have already concluded that Lister did not "use" a deadly weapon during the commission of the offense. Therefore, we will review the entire record to determine whether the evidence was sufficient for the jury to find beyond a reasonable doubt that Lister intentionally or knowingly threatened a peace officer with imminent bodily injury.

In order to prove an "assault" by verbal threats, as alleged in the indictment, the State had to show that Lister threatened Officer Turner with "imminent" bodily injury. *See* TEX.PENAL CODE ANN. § 22.01(a)(2) (Vernon 1989). The Court of Criminal Appeals has defined "imminent" as meaning "near at hand." *Devine v. State,* 786 S.W.2d 268, 270 (Tex.Cr.App.1989).

According to Officer Turner's testimony, Lister repeatedly made threats to kill Turner. These threats were not vain threats, but were accompanied by kicking, biting, and an unsuccessful attempt to take Officer Turner's gun. Furthermore, three other officers testified that Lister had either threatened to kill Officer Turner or one of the other officers. Based on Lister's verbal threats and violent conduct, we conclude that any rational trier of fact could have found beyond a reasonable doubt that Lister threatened Officer Turner with imminent bodily injury. Points of error three and four are overruled.

In points of error five and six, Lister complains that the evidence was insufficient to support a conviction of assault of a peace officer because the State failed to present sufficient evidence that Lister knew or had been informed that Officer Turner was a peace officer. We agree that the State has the burden, in order to convict a defendant of aggravated assault of a peace officer, to prove that the defendant knew or had been informed that he was assaulting a peace officer. *See Salazar v. State,* 643 S.W.2d 953, 956 (Tex.Cr.App.1983). The evidence was unequivocal that Lister knew Officer Turner and that Turner was uniformed when he entered the bedroom at Lister's house. Lister looked directly at Turner, Lister attempted to take Turner's holstered gun, and Lister continued to make threats to the officers after being handcuffed, placed in a police vehicle, and taken to jail. It cannot seriously be questioned that the State proved beyond a reasonable doubt that Lister knew that his threats were directed at a peace officer. Points of error five and six are overruled.

Having sustained Lister's challenge to the sufficiency of the evidence to support the jury's deadly weapon finding, we reform the judgment of the trial court to delete the following language:

> "Do you find from the evidence beyond a reasonable doubt that the defendant, Louis Autry Lister, used a deadly weapon, to-wit: a firearm, during the commission of the offense?
>
> Yes
>
> /s/ George E. Lee
> Foreman"

As reformed, we affirm the judgment of the trial court. *See Reyes v. State,* 741 S.W.2d 414, 433 (Tex.Cr.App.1987).

---

**2.** In point four, Lister contends there is a "fatal variance between the indictment and the proof." We will treat this point as a sufficiency point of error.

**3.** [Louis Autry Lister] did then and there intentionally and knowingly threaten to cause imminent bodily injury to Rickey Turner, by telling Rickey Turner he was going to kill him, and attempting to take Rickey Turner's weapon from him, and the said Rickey Turner was then and there a peace officer in the lawful discharge of an official duty, to-wit: effecting an arrest of the said Defendant, and the said Defendant had been informed and knew Rickey Turner to be a peace officer. . . .