In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00089-CR
______________________________


KERRY LARNEZ ROLLERSON, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the Sixth Judicial District Court
Lamar County, Texas
Trial Court No. 20522


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
 Opinion by Chief Justice Morriss


O P I N I O N

            Kerry Larnez Rollerson appeals his convictions for burglary of a habitation,


 theft of a
firearm,


 and felon in possession of a firearm.


 After a bench trial, the trial court entered an
affirmative deadly weapon finding on each count.


 Rollerson challenges the legal and factual
sufficiency of the evidence sustaining his convictions, as well as the sufficiency of the evidence
sustaining the deadly weapon findings. We affirm the conviction for felon in possession of a
firearm, but, because we find the evidence supporting the convictions for burglary and theft to be
factually insufficient, we remand for a new trial on those charges.
Background
            In the summer of 2003, three separate houses in Lamar County were burglarized on three
consecutive days. Floyd McCoin's home was burglarized July 15. A Belgian-made pistol and its
holster were stolen. James Hines' residence was burglarized July 16. A television, binoculars, and
a coin collection were stolen. Neil Norrell's home was burglarized July 17. Several guns and
numerous uncirculated coins were stolen. 
            On July 18, the day after the Norrell burglary, Westside Checking notified law enforcement
officers that someone was trying to cash uncirculated coins. Officers were sent to investigate, and
when they arrived, Rollerson was found with a small bank bag filled with uncirculated coins. Norrell
later identified the coins as being the ones stolen from his home the previous day. The officers also
found a briefcase belonging to Norrell in a vehicle in which Rollerson was a passenger. Rollerson
was arrested in connection with the burglaries. 
            The same day, after hearing about his arrest, Rollerson's brother took some guns that were
in his mother's house and buried them in the back yard of his father's house. Among the buried
weapons was the gun holster stolen from McCoin's home. 
            This appeal concerns only the charges and convictions associated with the McCoin burglary
in which Rollerson was charged with burglary of a habitation, theft of a firearm, and felon in
possession of a firearm. Rollerson was also charged with burglary of a habitation in connection with
the Hines burglary, and with burglary of a habitation, theft of a firearm, and felon in possession of
a firearm in connection with the Norrell burglary. 
Discussion
            Rollerson challenges the legal and factual sufficiency of the evidence. We hold the evidence
is legally sufficient, but factually insufficient to support the convictions for burglary and theft. We
find the evidence both legally and factually sufficient to support the conviction for possession of a
firearm by a felon.
Burglary
            In reviewing the legal sufficiency of the evidence, we view the relevant evidence in the light
most favorable to the verdict and determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Johnson v. State, 23 S.W.3d 1, 7 (Tex.
Crim. App. 2000).
            A person commits the offense of burglary if, without the effective consent of the owner, he
or she enters a habitation with intent to commit theft. Tex. Pen. Code Ann. § 30.02(a)(1). 
Burglarious entry can be proven solely through circumstantial evidence. Gilbertson v. State, 563
S.W.2d 606, 608 (Tex. Crim. App. [Panel Op.] 1978). It is undisputed that someone broke into
McCoin's home and stole a pistol and its holster. It was the State's burden to prove that Rollerson
was responsible. The following evidence supports the convictions. A shoe print was lifted from
McCoin's residence. Later, the police found a pair of tennis shoes in Rollerson's mother's house that
matched the print found in McCoin's house. The State presented the following testimony regarding
the owner of those shoes:
                        Q.       Detective, whose shoes are those right there?
                        A.       The mom says they're Kerry's.
                        Q.       That's what she told you on the 18th, is that correct?
                        A.       Correct.
 
                        Q.       It was Kerry Rollerson's room they were found in?
                        A.       Correct. 
            Rollerson's brother noticed a television and some firearms in the back bedroom of his
mother's house two days before Rollerson's arrest. After Rollerson was arrested, his brother took the
firearms and buried them in the back yard of his father's house. Among the buried weapons was the
pistol holster stolen from McCoin's house. In a shed near the buried weapons, officers found an
identification card that belonged to Rollerson. 
            The State also presented evidence of statements made by Rollerson's acquaintance, Rodaniel
Sims. Sims told officers that Rollerson had come to his house with several firearms wrapped in a
blanket and a pistol in his waistband. Rollerson then attempted to sell Sims some of the weapons. 
Viewing the above evidence in the light most favorable to the verdict, we hold that a rational fact-finder could have found that all of the elements of burglary had been proven beyond a reasonable
doubt.
            In a factual sufficiency review, we view all the evidence in a neutral light and determine
whether the evidence supporting the verdict is too weak to support the finding of guilt beyond a
reasonable doubt or if evidence contrary to the verdict is strong enough that the
beyond-a-reasonable-doubt standard could not have been met. Threadgill v. State, 146 S.W.3d 654,
664 (Tex. Crim. App. 2004), citing Zuniga v. State, 144 S.W.3d 477, 486 (Tex. Crim. App. 2004).
            No one saw Rollerson in McCoin's house. No fingerprints were found. The only evidence
recovered from the burglary was the Belgian pistol holster, and it was never conclusively established
if or when Rollerson possessed it. Nor was the State able to conclusively prove to whom the tennis
shoes (which matched the print lifted from McCoin's residence) belonged. Rollerson's brother
testified and claimed ownership of the shoes.
                        Q.       Cory, what size shoe do you wear?
                        A.        Nine.
                        Q.         A nine? Do you see those shoes right there to your left?
                        A.        Yeah.
                        Q.       Whose shoes are those?
                        A.       Mine.
                        Q.       They're yours?
                                    . . . . 
                        Q.       I'm going to show you what's been marked as State's Number 1 and ask you             to look and see what size those are?

                        A.       These are mine. I remember, they took them.
                        Q.       Who took them?
                        A.       What's his name?
                        Q.       The police?
                        A.       Not the police. It was the other dude, the drug force man. What's his name? 
            I forget his name.

                        Q.       Was it a law enforcement person or a civilian?
                        A.       Yeah.
                        Q.       Law enforcement?
                        A.       Yeah. 
                        Q.       Do you know where they took the shoes from?
                        A.       Yes, out of my mom's house.
                        Q.       You're sure those are yours?
                        A.       Yeah, they're mine. My wife bought them for me. 
            In a related appeal, we found the evidence sufficient to support Rollerson's convictions
associated with the Norrell burglary. See Rollerson v. State, cause number 06-05-00088-CR. The
State argues that the "modus operandi" were the same in all three burglaries, suggesting that, if
Rollerson is guilty of one of the burglaries, he must be guilty of all three. The State points out that
there were (a) three burglaries, (b) during the daytime, (c) in rural areas, (d) when no one was home,
(e) items were stolen from each residence, and (f) a single pillowcase was taken off the bed in each
residence. The State also points out that there was evidence that cotton gloves were worn by the
perpetrator in two of the burglaries. These similarities are too generic to support an inference of
guilt. 
            The State contends that the evidence that Rollerson was in possession of recently stolen
property supports an inference of guilt. In cases where there is independent evidence of a burglary,
the unexplained personal possession of recently stolen property may constitute sufficient evidence
to support a conviction. See Harris v. State, 656 S.W.2d 481, 483 (Tex. Crim. App. 1984); Dixon
v. State, 43 S.W.3d 548, 552 (Tex. App.—Texarkana 2001, no pet.). Mere possession of stolen
property does not give rise to a presumption of guilt, but, rather, it will support an inference of guilt
of the offense in which the property was stolen. Hardesty v. State, 656 S.W.2d 73, 76 (Tex. Crim.
App. 1983). To warrant an inference of guilt based solely on the possession of stolen property, it
must be established that the possession was personal, recent, and unexplained. Sutherlin v. State,
682 S.W.2d 546, 549 (Tex. Crim. App. 1984); Grant v. State, 566 S.W.2d 954, 956 (Tex. Crim.
App. [Panel Op.] 1978). The inference of guilt is not conclusive, however, and the sufficiency of
the evidence must still be examined according to applicable evidentiary standards of appellate
review. Hardesty, 656 S.W.2d at 77.
            Also, the possession must involve a distinct and conscious assertion of right to the property
by the defendant. Grant, 566 S.W.2d at 956. If the defendant offers an explanation for his or her 
possession of the stolen property, the record must demonstrate the account is false or unreasonable.
Adams v. State, 552 S.W.2d 812, 815 (Tex. Crim. App. 1977). Whether a defendant's explanation
for possession of recently stolen property is true or reasonable is a question of fact to be resolved by
the trier of fact. Dixon, 43 S.W.3d at 552.
            Rollerson was found with coins stolen from the Norrell burglary in his possession. But,
Rollerson was not found with any property taken during the McCoin burglary. In order to support
an inference of guilt for the McCoin burglary, it needed to be shown that Rollerson was in possession
of property taken from McCoin's residence. Rogers v. State, 929 S.W.2d 103, 108 (Tex.
App.—Beaumont 1996, no pet.). Merely showing that Rollerson was in possession of some stolen
property is not sufficient. 
            Viewing all of the evidence in a neutral light, we find the evidence is too weak, and the
evidence to the contrary too strong, to support a finding of guilt beyond a reasonable doubt.
Theft
            A person commits the offense of theft if, without the effective consent of the owner, they
appropriate  property  with  the  intent  to  deprive  the  owner  of  the  property.  Tex.  Pen.  Code
Ann. § 31.03(a). The charged theft was a part of, and occurred simultaneously with, the charged
burglary. For the reasons discussed above, we find the evidence legally sufficient, but factually
insufficient to support Rollerson's conviction for theft of a firearm.
Felon in Possession of a Firearm
            A person commits the offense of unlawful possession of a firearm if they have been
convicted of a felony and possess a firearm at any location other than the premises at which they live. 
Tex. Pen. Code Ann. § 46.04(a)(2). The State must prove the defendant was previously convicted
of a felony and intentionally or knowingly possessed a firearm. Rollerson stipulated at trial that he
had been convicted of the felony offenses of burglary of a habitation and failure to stop and render
aid May 19, 1998. As noted above, there was direct testimony that Rollerson was seen in possession
of several firearms rolled up in a blanket and a pistol tucked in his waistband. Viewing this evidence
in the light most favorable to the verdict, we find the trial court could have reasonably found all of
the elements of the crime had been proven beyond a reasonable doubt.



            Under the second review for a factual sufficiency challenge, all the evidence, supporting and
contrary, is considered. Rollerson did not offer any evidence to contradict the testimony that he was
in possession of a firearm. Therefore, viewing the evidence in a neutral light, we find the evidence
supports a finding of guilt beyond a reasonable doubt.
Deadly Weapon Finding
            The trial court made an affirmative finding that Rollerson used and exhibited a firearm during
the commission of each offense or during the immediate flight therefrom. Rollerson challenges the
sufficiency of the evidence to support these findings.
            To review evidence for legal sufficiency, this Court must view the evidence in the light most
favorable to the verdict and determine if a rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt. See Narvaiz v. State, 840 S.W.2d 415, 423 (Tex.
Crim. App. 1992). The trial court appears to have based its findings solely on Rollerson's mere
possession of firearms. When applied to the special issue regarding the use or exhibition of a deadly
weapon during the commission of a felony offense, the question facing this Court is whether a
rational trier of fact could find beyond a reasonable doubt that the mere possession of firearms
facilitated the associated felony. Gale v. State, 998 S.W.2d 221, 223–24 (Tex. Crim. App. 1999). 
            The Texas Court of Criminal Appeals has said, "'[U]sed . . . a deadly weapon' during the
commission of the offense means that the deadly weapon was employed or utilized in order to
achieve its purpose. Whereas 'exhibited a deadly weapon' means that the weapon was consciously
shown or displayed during the commission of the offense." Patterson v. State, 769 S.W.2d 938, 941
(Tex. Crim. App. 1989). Even simple possession of a firearm may be sufficient to support a deadly
weapon finding if such possession facilitates the associated felony. Id. 
            In Patterson, the appellant was convicted of possession of a controlled substance. A search
team executing a search warrant at a private residence found the appellant sitting on a couch in the
living room. A loaded .45 caliber revolver was found by the arresting officer concealed between the
appellant's leg and the end of the sofa. The officer also found the appellant's wallet and a pistol
"boot" holding ammunition for a .45 caliber weapon on a table next to the couch. Id. at 939. The
court found there was sufficient evidence to uphold the jury's finding that he used or exhibited a
deadly weapon in the course of possessing the contraband. Id. at 942. The court approved the
intermediate court's determination that appellant "'used' the firearm during the commission of the
felony offense . . . in a sense that the firearm protected and facilitated appellant's care, custody, and
management of the contraband." Id.
            The Texas Court of Criminal Appeals has held that, where the associated felony is unlawful
possession of a firearm by a felon, an affirmative deadly weapon finding cannot be based solely on
the defendant's possession of the firearm. Narron v. State, 835 S.W.2d 642 (Tex. Crim. App. 1992);
Ex parte Petty, 833 S.W.2d 145 (Tex. Crim. App. 1992). Therefore, the affirmative deadly weapon
finding pertaining to Rollerson's conviction for the offense of unlawful possession of a firearm by
a felon is inappropriate.
            The deadly weapon findings pertaining to the burglary and theft convictions are also
inappropriate. The trial court appears to have based its findings regarding those convictions solely
on Rollerson's mere possession of the firearm stolen during the burglary. Unlike in other burglary
cases, there is no evidence that Rollerson handled the firearm in such a manner that would indicate
he intended to use it for some purpose other than simply stealing it. In Gregg v. State, 820 S.W.2d
191 (Tex. App.—Fort Worth 1991, no pet.), during the burglary, the appellant found a shotgun in
the closet of the master bedroom of the complainant's home, loaded the gun, and placed it on top of
the bed in that room. The court held the appellant's actions were sufficient to support a deadly
weapon finding because, 
Certainly he would not have gone to the trouble to load the gun and place it in such
an accessible position had he simply intended to steal the gun; rather, the gun was
"used" for the purpose of effectuating this burglary in that the appellant could have
fired it upon being surprised or caught in the home by the complainant or a family
member, the police, or anyone else. Although he was not in actual physical
possession of the shotgun at the time of his arrest on the premises, appellant's act of
finding, loading, and moving the gun, constituted sufficient control and possession
of the gun as to support a finding that he "used" the gun during the commission of the
offense. 
Id. at 193. 
            In contrast, here there is no evidence Rollerson loaded the firearm, or positioned it in such
a way that he could use it against someone if he was surprised. The record shows that no one was
home when Rollerson committed the burglary and theft. Rollerson was not confronted by law
enforcement officers until the next day, and he did not possess a firearm at that time. Rollerson's
possession of the firearm did not facilitate the burglary, as that crime would have been complete
whether or not he found and possessed the weapon. Nor did the firearm facilitate his flight from the
burglary, as he was not confronted by anyone, either civilian or law enforcement officers. His
possession of the firearm did not facilitate the theft, as it was his very act of possession that
constituted the crime.
            As the court stated in Petty, "In the present case, the weapon was not 'used' in furtherance of
any collateral felony. Thus, because there was no associated felony facilitated by the Applicant's
possession of the deadly weapon, the holding in Patterson dictates that the affirmative finding of the
use of a deadly weapon was error." Petty, 833 S.W.2d at 145. The same is true here. We hold the
evidence is legally insufficient to support the trial court's affirmative deadly weapon findings with
respect to the burglary and theft convictions. Therefore, on remand, no deadly weapon finding may
be sought.
 
Conclusion
            We find the evidence to be legally sufficient, but factually insufficient to support the
convictions for burglary of a habitation and theft of a firearm. Accordingly, we reverse those
judgments and remand for a new trial. The State is not permitted, on retrial, to seek a deadly weapon
finding. We find the evidence to be both legally and factually sufficient to support the conviction
for possession of a firearm by a felon. However, we reform that judgment to delete the affirmative
deadly weapon finding.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          March 24, 2006
Date Decided:             May 17, 2006

Publish