

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00127-CR

_____

BRANDON COLBY JONES, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 4th District Court
Rusk County, Texas
Trial Court No. CR 12-175-3

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Brandon Colby Jones was convicted by a jury of burglary of a building and was sentenced to twenty-four months' confinement in a state jail facility. Jones' point of error on appeal challenges the legal sufficiency of the evidence supporting his conviction. We affirm the trial court's judgment because we find the evidence legally sufficient to establish each element of burglary of a building beyond a reasonable doubt.

In evaluating legal sufficiency, we review all the evidence in the light most favorable to the jury's verdict to determine whether any rational jury could have found the essential elements of burglary of a building beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd) (citing *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)). We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19).

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge "sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was

2

tried." *Id.* The indictment, which tracks the elements of the offense, alleged that Jones, along with Dewayne Stewart, Jr., and Sabrina Diane Clark, intentionally and knowingly entered "a building and a portion of a building not then open to the public, without effective consent of Donald Ferguson, the owner thereof, with intent to commit theft." *See* TEX. PENAL CODE ANN. § 30.02(a)(1) (West 2011).

The jury charge allowed the jury to consider if Jones was guilty individually or under the law of parties. "Party liability is as much an element of an offense as the enumerated elements prescribed in a statute that defines a particular crime." *In re State ex rel. Weeks*, 391 S.W.3d 117, 123 (Tex. Crim. App. 2013). Under the law of parties, a person is criminally responsible for an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both. TEX. PENAL CODE ANN. § 7.01(a) (West 2011). A person is criminally responsible for the conduct of another if he acts "with intent to promote or assist the commission of the offense" and he "solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense." TEX. PENAL CODE ANN. § 7.02(a)(2) (West 2011); *Weeks*, 291 S.W.3d at 124.

When a party is not the "primary actor," the State must prove conduct constituting an offense plus an act by the defendant done with the intent to promote or assist such conduct. *Beier v. State*, 687 S.W.2d 2, 3 (Tex. Crim. App. 1985). The evidence can be deemed sufficient to sustain a conviction under the law of parties if the evidence shows that the defendant was physically present at the commission of the offense and encouraged the commission of the offense either by words or other agreement. *Tarpley v. State*, 565 S.W.2d 525, 529 (Tex. Crim.

3

App. 1978); *see also Urtado v. State*, 605 S.W.2d 907, 911 (Tex. Crim. App. 1980). The agreement must be made before or contemporaneously with the criminal event. *Miller v. State*, 83 S.W.3d 308, 314 (Tex. App.—Austin 2002, pet. ref'd).

Since an agreement of the parties to act together in a common design can seldom be proved by direct evidence, reliance may be placed upon the actions of the parties showing, either by direct or circumstantial evidence, an understanding and common design to do a certain act. *Ransom v. State*, 920 S.W.2d 288, 302 (Tex. Crim. App. 1994) (op. on reh'g); *Burdine v. State*, 719 S.W.2d 309, 315 (Tex. Crim. App. 1986), *superseded by rule change as stated in Barnes v. State*, 876 S.W.2d 316, 325 (Tex. Crim. App. 1994); *Miller*, 83 S.W.3d at 314. "[W]hile mere presence at the scene, or even flight, is not enough to sustain a conviction, such facts may be considered in determining whether an appellant was a party to the offense." *Miller*, 83 S.W.3d at 814 (citing *Valdez v. State*, 623 S.W.2d 317, 321 (Tex. Crim. App. [Panel Op.] 1979) (op. on reh'g)).

Gene Arthur Anderson, III, a patrol deputy sheriff with the Rusk County Sheriff's Office, testified that he was dispatched at approximately 4:13 p.m. "to a possible burglary in progress" and arrived at the scene of "a residence at the end of [a] dead-end road"[1] nine minutes later. Anderson immediately witnessed Jones "exiting from underneath the open carport area" and getting into the driver's seat of a brown 1994 Ford Crown Victoria which Jones owned. Anderson testified that he approached Jones and placed him in handcuffs after Jones admitted he did not have "permission to be at the residence." While he was speaking with Jones, Anderson

---

[1]The residence was being remodeled and was not then habitable.

4

"heard what sounded like two separate persons running through a wooded area behind the residence." Anderson called for another unit to pursue the possible additional suspects, and they were eventually apprehended.

Donald Ferguson, the owner of the house,[2] arrived at the property after a neighbor called to warn him of the presence of possible intruders. He testified that he saw people "packing stuff out of the house into the car." A drill, two tow straps, a wire brush, a flashlight, two bolt cutters, a bag of clothes, twelve antique bottles, "household glassware," a toaster, a toilet seat, and "a bag of trash bags" were found inside and just outside of Jones' vehicle. Ferguson told Anderson that all of the items had been inside of the building. The items were returned to Ferguson after he identified some of the items as his and others as belonging either to his cousin, Idela White, or to a man named "Bulldog" who was "working on the house."

Sergeant Russell Smith issued *Miranda*[3] warnings to Jones and began to question him. According to Smith, Jones said that "there were two more people with him, Sabrina Clark being one of them and a man he only knew as Junior," who was later identified as Stewart.

Jones argues that because he was not seen inside of the building and was not holding anything when he was seen walking to the car, the evidence is legally insufficient to convict him. However, because circumstantial evidence can be as probative as direct evidence in establishing the guilt of an actor and can alone be sufficient to establish guilt, direct evidence of entry is not

---

[2]Ferguson testified that he was remodeling the house at issue and was not living in it at the time of the burglary. He has rented the house to others in the past. Ferguson, who lived in Dallas, came home on some weekends and "stayed at the house up until they broke in there, [and] took everything out." Ferguson's ownership of the home is not an issue before us.

[3]*See Miranda v. Arizona*, 384 U.S. 436 (1966).

5

required; that element may be established by inference. *Hernandez v. State*, 190 S.W.3d 856, 865 (Tex. App.—Corpus Christi 2006, no pet.); *Dixon v. State*, 43 S.W.3d 548, 552 (Tex. App.—Texarkana 2001, no pet.) ("Burglarious entry can be proven by circumstantial evidence.") (citing *Gilbertson v. State*, 563 S.W.2d 606, 608 (Tex. Crim. App. [Panel Op.] 1978)).[4]

A few minutes after officers were notified about a potential burglary in progress, Jones was seen walking from Ferguson's open carport to his own vehicle, which already contained stolen items. Generally, the shorter the period of time between the taking of the property and defendant's possession of the property, the stronger the inference of guilt from the circumstance of possession. *See Jackson v. State*, 12 S.W.3d 836, 839 (Tex. App.—Waco 2000, pet. ref'd) (citing *Hardage v. State*, 552 S.W.2d 837, 840 (Tex. Crim. App. 1977)).

Jones admitted to Anderson that he did not have permission to be on the property and told Smith that he was there with two other people who ran off into the woods upon noticing police presence. Ferguson arrived in time to identify the property in and around Jones' car as being stolen from inside the home. Ferguson's testimony, coupled with Jones' admission that he was with Stewart and Clark, established that at least one of them had entered Ferguson's building without his effective consent and with the intent[5] to commit a theft.

---

[4]Jones cites *Rollerson v. State*, 196 S.W.3d 810 (Tex. App.—Texarkana 2006, no. pet.), as precedent for a finding of insufficient evidence. *Rollerson* is distinguishable. No evidence was presented that Rollerson entered the building, and he was not found with any property from that burglary. *Id.* at 815. Further, *Rollerson* involved a factual sufficiency issue.

[5]In a burglary prosecution, the specific intent to commit theft may be inferred from the circumstances. *Simmons v. State*, 590 S.W.2d 137, 138 (Tex. Crim. App. [Panel Op.] 1979); *Martin v. State*, 186 S.W.2d 80 (Tex. 1945). The intent to commit theft may be inferred from a person's actions or conduct. *McGee v. State*, 774 S.W.2d 229, 234 (Tex. Crim. App. 1989). The jury is empowered to determine the issue of intent. *Moreno v. State*, 702 S.W.2d 636, 641 (Tex. Crim. App. 1986), *overruled in part on other grounds by Salazar v. State*, 284 S.W.3d 874 (Tex. Crim. App. 2009); *Hall v. State*, 225 S.W.3d 524 (Tex. Crim. App. 2007).

No explanation for the possession of the stolen items was presented. A defendant's unexplained possession of property recently stolen in a burglary also permits an inference that the defendant is the one who committed the burglary. *See Rollerson v. State*, 227 S.W.3d 718, 725 (Tex. Crim. App. 2007); *Dixon*, 43 S.W.3d at 552. At a minimum, even if Jones remained outside, the fact that his vehicle was the mode of transportation during the offense establishes an agreement to encourage or aid the offense.

We conclude that the logical force of the circumstantial evidence, when viewed in combination with the reasonable inferences from that evidence and in a light most favorable to the verdict, is legally sufficient for a rational jury to determine that the essential elements of burglary of a building were met beyond a reasonable doubt. We further note that the evidence in this case was legally sufficient for the jury to convict Jones either under the law of parties or as the primary actor.

We affirm the trial court's judgment.



Jack Carter
Justice


Date Submitted:     October 10, 2013
Date Decided:       October 23, 2013

Do Not Publish

7