

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
| --- | --- | --- |
| MICHAEL SHAVON BRADLEY, | § | No. 08-12-00057-CR |
| Appellant, | § | Appeal from |
| v. | § | 396th District Court |
| THE STATE OF TEXAS, | § | of Tarrant County, Texas |
| Appellee. | § | (TC # 1230024D) |
|  | § |  |

**O P I N I O N**

Michael Shavon Bradley appeals his conviction of possession of explosive components. A jury found Appellant guilty, made an affirmative deadly weapon finding, and assessed his punishment at imprisonment for four years. We affirm.

**FACTUAL SUMMARY**

Jack Mann, an asset protection officer employed by Walmart, observed Appellant conceal a box of ammunition in the sporting goods department and leave the store without paying for it. Mann confronted Appellant who responded by directing profane language at Mann and Mike Johnson, the asset protection coordinator. Johnson attempted to detain Appellant, but he resisted their efforts to do so. During the struggle, Appellant reached for his waistband and pocket. The police arrived and took Appellant into custody. A search of Appellant's person revealed he was carrying several items, including the .410 shotgun shells taken from Walmart, a

flare gun modified to fire .410 shotgun rounds, a smokeless-gunpowder-filled piece of bamboo with an improvised fuse attached, and matches. The police executed a search warrant for Appellant's apartment and found additional pieces of bamboo, shotgun shells, a flare gun modified to shoot .410 shotgun shells, smokeless gun powder, and matches connected in the same manner as the fuse on the device found on Appellant's person.

A grand jury indicted Appellant for possession of a prohibited weapon, to-wit: a zip gun in cause numbers 1230022D and 1230023D. In a third case, cause number 1230024D, the grand jury returned a two-paragraph indictment against Appellant alleging that he knowingly possessed components of an explosive weapon, to-wit: gun powder and ignition source with the intent to combine the components into an explosive weapon for use in a criminal endeavor (Paragraph One), and he knowingly possessed components of an explosive weapon, to-wit: improvised explosive device with the intent to combine the components into an explosive weapon for use in a criminal endeavor (Count II). A jury found Appellant guilty and made an affirmative deadly weapon finding in all three cases. The jury assessed his punishment at imprisonment for four years in each case.

## SUFFICIENCY OF THE EVIDENCE

In his sole issue on appeal, Appellant contends that the trial court erred by denying his motion for a directed verdict because the evidence is factually insufficient to prove beyond a reasonable doubt that the device was an explosive device and that he had the specific intent to use the device in a criminal endeavor.

### *Standard of Review and Applicable Law*

A claim on appeal that the trial court erred by denying a motion for directed verdict constitutes a challenge to the legal sufficiency of the evidence. *Canales v. State*, 98 S.W.3d 690,

693 (Tex.Crim.App. 2003); *Williams v. State*, 937 S.W.2d 479, 482 (Tex.Crim.App. 1996). The legal sufficiency standard articulated in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), is the only standard a reviewing court applies in determining whether the evidence is sufficient to support a conviction. *Brooks v. State*, 323 S.W.3d 893, 894-95 (Tex.Crim.App. 2010). Under the *Jackson* standard, a reviewing court must consider all evidence in the light most favorable to the verdict and in doing so determine whether a rational justification exists for the trier of fact's finding of guilt beyond a reasonable doubt. *Brooks*, 323 S.W.3d at 894-95, *citing Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789. The trier of fact is the sole judge as to the weight and credibility of witness testimony, and therefore, on appeal we must give deference to those determinations. *See Brooks*, 323 S.W.3d at 894-95. If the record contains conflicting inferences, we must presume the trier of fact resolved such facts in favor of the verdict and defer to that resolution. *Id*. On appeal, we serve only to ensure the trier of fact reached a rational verdict. *Id*. We may not reevaluate the weight and credibility of the evidence produced at trial and in so doing, substitute our judgment for that of the fact finder. *King v. State*, 29 S.W.3d 556, 562 (Tex.Crim.App. 2000).

A person commits an offense if he knowingly possesses components of an explosive weapon with the intent to combine the components into an explosive weapon for use in a criminal endeavor. TEX.PENAL CODE ANN. § 46.09 (West 2011). Under Section 46.01(2)'s definition, "explosive weapon" means any explosive or incendiary bomb, grenade, rocket, or mine, that is designed, made, or adapted for the purpose of inflicting serious bodily injury, death, or substantial property damage, or for the principal purpose of causing such a loud report as to cause undue public alarm or terror, and includes a device designed, made, or adapted for delivery or shooting an explosive weapon. TEX.PENAL CODE ANN. § 46.01(2)(West Supp. 2012).

- 3 -

*Components of an Explosive Weapon*

Appellant first argues that the evidence is insufficient to prove that he possessed components of an explosive device because there is no evidence that the device would actually explode or that it was designed, made, or adapted for the purpose of inflicting serious bodily injury, death, or substantial property damage. The State is not required to prove that Appellant succeeded in creating an explosive device nor is it required to prove how large the explosion would have been. We will measure the evidence by the elements the State is required to prove.

The evidence at trial established that Appellant had in his pocket a device constructed from a piece of hollowed-out bamboo, smokeless gunpowder, a fuse, and tape. He also had matches in his sleeve which could be used to light the fuse. The police executed a search warrant for Appellant's residence and found bamboo, a saw, saw blades, smokeless gun powder, tape, shotgun shells, shotgun pellets, slingshot ammunition, matchbooks, and several matches taped together in the same manner as the improvised fuse attached to the bamboo pipe bomb.

Joseph Mosley, an arson investigator with the Arlington Fire Department, testified that the device is an improvised explosive device (IED). He also characterized it as a pipe bomb. Mosley explained that an IED or a pipe bomb is a simplistic homemade device consisting of a container (the bamboo), an explosive filler (the smokeless gunpowder), and a fuse to ignite the explosive filler (the matches connected together to form a fuse). Shrapnel is not required to make an IED or pipe bomb. When a heat source is applied to the improvised fuse, the powder inside the container begins to burn rapidly and the gases formed as a result expand and rupture the container at a high rate of speed. This explosive fragmentation of the container is capable of causing serious bodily injury or death. During cross-examination, Mosley admitted that he did not test the bamboo device by exploding it to determine how large or small an explosion it would

have created but he had seen similar devices made from bamboo. He explained that the size of the explosion depended on the type and size of the container, the amount of explosive filler, and the manner in which the IED is constructed. Mosley compared the bamboo explosive device to a firecracker which contains only a small amount of flash powder yet creates a relatively large explosion. The bamboo explosive device possessed by Appellant is substantially larger than a firecracker and contains a relatively large amount of smokeless gunpowder.

Taken in the light most favorable to the verdict, the evidence showed that Appellant possessed an explosive device as well as the components of an explosive device, namely, smokeless gunpowder, matches connected together to form a fuse, bamboo, and the tools necessary to construct an explosive device from these components. Given that Appellant had one explosive device on his person when arrested, a rational trier of fact could infer that Appellant intended to combine the components found in his home into an explosive device. Further, the jury could also find beyond a reasonable doubt that the explosive device constructed by Appellant is designed, made, or adapted for the purpose of inflicting serious bodily injury or death.

Appellant additionally argues that the evidence is insufficient to prove that he intended to combine the components for the purpose of using the device in a criminal endeavor because he did not threaten anyone with the device or attempt to use it. Whether the defendant possessed the requisite intent to commit an offense is most often proven through the circumstantial evidence surrounding the crime. *Sholars v. State*, 312 S.W.3d 694, 703 (Tex.App.--Houston [1st Dist.] 2009, pet. ref d). Intent may be inferred from the acts, words, and the conduct of the appellant. *Guevara v. State*, 152 S.W.3d 45, 50 (Tex.Crim.App. 2004).

The evidence at trial showed that Appellant had the explosive device on his person along

with matches tucked inside of the sleeve of his jacket when he went to the Walmart and committed theft of the shotgun shells. When confronted by the loss prevention officers at the Walmart, Appellant became aggressive and resisted their efforts to detain him. During the struggle, Appellant repeatedly reached for his pocket which contained the explosive device. The jury could infer from Appellant's conduct that he carried the explosive device with the intent to use it during the commission of the theft at Walmart. *See Gregg v. State*, 820 S.W.2d 191, 193 (Tex.App.--Fort Worth 1991, no pet.)(finding evidence sufficient to prove the defendant used a deadly weapon during commission of offense where evidence showed that defendant was burglarizing home and found a shotgun in the bedroom closet, loaded it, and placed it on the bed; the evidence was sufficient to prove that the shotgun was "used" for the purpose of effectuating the burglary because the defendant could have fired it upon being surprised or caught in the home by the complainant or a family member, the police, or anyone else); *Zapata v. State*, No. 03-05-00734-CR, 2007 WL 437190, at *1-2 (Tex.App.--Austin Feb. 6, 2007, pet. ref'd)(finding evidence sufficient to prove defendant used deadly weapon during commission of offense where defendant had gun in waistband during commission of burglary; reasonable to infer that the defendant armed himself with the gun for the purpose of protecting himself if confronted by an angry homeowner or a police officer during commission of the offense). We overrule Issue One and affirm the judgment of the trial court.

October 30, 2013

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)